19502. HUTCHINGS *et al. v.* ROQUEMORE.

DECIDED NOVEMBER 15, 1929.

*E. F. Goodrum,* for plaintiffs in error. *J. D. Hughes,* contra.

JENKINS, P. J. On November 9, 1925, a judgment against

Hutchings was rendered in the municipal court of Macon. On September 24, 1928, in the same court a judgment was rendered against him and the surety on a bond to dissolve garnishment, executed in the main case. The proceeding now under review is a motion to set aside both judgments, which motion alleged that an effort was made by the plaintiff in error to review the judgment of November 9, 1925, by certiorari, but that the superior court refused to sanction the petition; that a bill of exceptions complaining of this refusal was sued out, and the case carried to the Supreme Court, which transferred it to this court, where the writ of error was dismissed. It is alleged that the judgment of November 9, 1925, was rendered without any proof being submitted to authorize it, and upon a verdict directed by the court. The municipal-court judge sustained a general demurrer and struck the motion, and exception is now taken to the refusal of the judge of the superior court to sanction a petition for certiorari complaining of that ruling.

The effect of the decisions of the Supreme Court in *Hutchings* v. *Roquemore,* 164 *Ga.* 637 (139 S. E. 216), and of this court in *Hutchings* v. *Roquemore,* 38 *Ga. App.* 555 (144 S. E. 350), was fully and finally to adjudicate the validity of the original judgment of November 9, 1925, subject to whatever rights, if any, the defendant therein might have had to renew his petition for certiorari. The fact that the superior-court judge, in refusing sanction of the original petition for certiorari, may have based his action upon the ground that under the act of the General Assembly approved August 7, 1925 (Ga. L. 1925, p. 463), certiorari was not the proper remedy, and that this conception of the law may have been erroneous, can not authorize a different ruling, since this ruling of the superior court became the law of the case when no proper constitutional exceptions were taken thereto. Accordingly, since the sole basis of the instant motion to set aside was the alleged invalidity of the judgment of November 9, 1925, and since this judgment of the municipal court, upon the refusal of the superior court to sanction a petition for certiorari complaining thereof, and the affirmance of that action of the superior court by the dismissal of the writ of error in this court, became final and conclusive, the judge of the municipal court properly dismissed the motion, on demurrer, and the judge of the superior court did not err in refusing to sanction the petition for certiorari complaining of such ruling.

568

*Judgment affirmed. Bell, J., concurs. Stephens, J., concurs in the judgment.*