AMERICAN FIDELITY & CASUALTY COMPANY *v.* BIG FOUR TAXI COMPANY

(No. 7152)

Submitted January 27, 1932.    Decided February 2, 1932.

*McGinnis & Ashworth* and *Fletcher W. Mann,* and *R. E. O'Connor,* for plaintiff in error.

*File, Goldsmith & Scherer,* for defendant in error.

HATCHER, PRESIDENT:

This is an action in assumpsit in which the circuit court directed a verdict for and entered a judgment in favor of the defendant.    The plaintiff seeks a reversal here.

The defendant was in the taxi business and secured from the plaintiff on December 6, 1929, an insurance policy in-

demnifying against loss resulting from claims for damages arising out of the operation of its automobiles. Attached to the policy was the West Virginia compulsory endorsement, which is in part as follows:

"It is further understood and agreed that the obligations and promises of said policy shall inure to the benefit and protection of any person sustaining bodily injuries * * *, and that the said obligations and promises of said policy shall constitute a direct liability to such person * * *, whether an action for damages is brought against the named Assured alone or jointly with the Company (the insurer)."

About December 24, 1929, a passenger of defendant was injured in a collision of one of its automobiles (for hire). The passenger sued the defendant. The plaintiff defended the suit. Judgment was obtained by the passenger for the principal sum of $750.00 and $52.00 costs, all of which was paid by the plaintiff. Recevery of this amount from the defendant is demanded in this action, on the grounds that (a) at the time the passenger was injured, the driver of defendant's automobile, though a licensed chauffeur, was only eighteen years of age; (b) rule 50 of the State Road Commission, having the effect of a law, provides that no person under the age of twenty-one years shall operate a vehicle used in the transportation of passengers for compensation; and (c) the indemnity policy does not cover a loss arising from an accident when the automobile is driven by "any person under the age fixed by law for drivers of automobiles" used in the transportation of the public for hire.

Defendant contends, first, that rule 50 of the State Road Commision is in conflict with parts of section 84, chapter 43, Code 1923, and is of no effect; second, that plaintiff by defending the action brought by the passenger waived the breach of the policy, and is therefore not entitled to reimbursement; and third, that plaintiff did not properly conduct the defense of the action against defendant, and is estopped from disclaiming liability under the policy.

The section referred to by defendant authorizes a license to be issued to any person over fourteen years of age and provides that a licensee may operate any vehicle of any make unless otherwise specified in the license. Acts 1925, chapter 17, section 82, class H (1) authorizes the state road commission to attach to the exercise of the rights given to an operator of a taxi by a certificate of convenience, "such terms and conditions as in its judgment the public convenience and necessity may require," (2) directs the commission to adopt such rules and regulations as should be found necessary to carry out the provisions of the section, and (3) gives to such rules and regulations the effect of law by making the violation thereof a misdemeanor. Rule 50 is fuly authorized under this latter statute, is reasonable, and can be construed in harmony with Code 1923, chapter 43, section 84. A harmonious construction is not essential, however, as "all acts or parts of acts inconsistent" with the enactment of 1925 were expressly *thereby repealed*.

The evidence shows that the plaintiff investigated the accident, but it does not show specifically that the plaintiff learned of the breach of the policy during the investigation. However this is immaterial. By virtue of the West Virginia endorsement to the policy, the plaintiff was responsible to the injured passenger if the defendant caused her injury, regardless of the breach of the policy by defendant. See *Cab Co. v. Idemnity Co.*, 108 W. Va. 93, 150 S. E. 571. But the extent of the liability of the insurer as a question for the jury. Consequently plaintiff had the right to assume the defense of the passenger's suit, in order to protect the primary liability to be fastened on it by that suit, and the proper exercise of that right cannot be deemed a waiver of the breach of the policy. In the cases relied on by defendant, the policies did not have riders similar to the West Virginia endorsement, and therefore defendant's citations do not apply.

The contention that the defense of the suit of the passenger was not properly conducted by plaintiff is based on plaintiff's failure to move to set aside the verdict and to except to the entry of the judgment therein. This conduct was not necessarily improper. The verdict may have been just and free

from error. If so and naught appears to the contrary, the motion and the exception would have been useless. Besides, the defendant had given the plaintiff an instrument in writing prior to the trial stating that a settlement with the passenger for a sum not to exceed $750.00 would be satisfactory to the defendant. As the verdict was for this amount, the inference would be that the verdict was not excessive.

The violation of rule 50 of the State Road Commission by the defendant breached the contract between it and the plaintiff. As far as the record discloses, this case is therefore a simple one of money paid for the defendant by the plaintiff, for which payment the plaintiff is entitled to reimbursement.

The judgment of the lower court was accordingly erroneous and is reversed.

*Reversed.*