32874. GARDEN CITY CAB CO. INC. *v.* FIDELITY AND CASUALTY CO. OF NEW YORK.

DECIDED FEBRUARY 9, 1950.

852

*Wylly & Javetz*, for plaintiff in error.

*Anderson, Connerat, Dunn & Hunter, B. B. Cubbedge Jr.*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Complaint is made in the briefs of counsel of the failure of the plaintiff to set out in his petition the statutory endorsement under the compulsion of which it paid the claim in question. The petition is defective in this regard under Code § 81-105, which requires the setting out of the instrument on which the cause of action is based. Such defect, however, is amendable, and is not reached by a general demurrer. *Gonackey* v. *General Accident Fire &c. Assur. Corp.*, 6 *Ga. App.* 381 (3) (65 S. E. 53).

■ It is admitted that the statutory endorsement adopted by the City of Savannah, which was intended to conform to Sec. 59-102 of the municipal code and which was incorporated in the policy in question, provided that the insurance company consented to be joined as party defendant with the insured taxicab operator in any suit brought by a member of the public against the latter. It is admitted that by the terms of the ordinance no policy could be canceled without 5-days notice to the clerk of city council, and that the ordinance does not specify by whom this notice should be given, but that it was not actually given by either party. It is also conceded by counsel, so far as this demurrer is concerned, that the company had the right, under the terms of the policy, to settle the claim in question, and that had it not done so the injured party could have joined both companies and obtained a judgment against both. The question is whether, in view of these facts, the insurance company has a right to be reimbursed by the defendant under the terms of its second endorsement, which provides for reimbursement of all losses "which the company would not have been obligated to pay independently of such prescribed statutory endorsement." It is argued that the endorsement does not refer to that part of the Savannah code which provides for 5-days notice to the clerk of council, and that the reimbursement clause refers only to losses which the company would not have to pay except for the endorsement on the policy, and for that reason the defendant has no liability for the sums so paid out. Admitting that the statutory form of endorsement was loosely drawn, it was neverthe-

less the form required by ordinance to be used. Obviously it was intended to comply with the compulsory-insurance ordinance and its only purpose was to embody the statutory provisions within the policy itself.

Code § 20-702 provides as follows: "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." To ascertain the intention of the parties it is necessary to construe both endorsements in conjunction with the ordinance. To give all the manifest meaning intended, the construction here adopted is the only plausible one. The policy of insurance at the time of the injury to the member of the public had been canceled and the premium returned. It was therefore in force only insofar as was required by the ordinance which prevented the taxicab company from operating without the required bond. Clearly the endorsements when construed in conjunction with the ordinance as herein outlined leave the bond in force only for the protection of the public and not for the protection of the insured, and such was manifestly the intention of the parties. The consent of the insurance company to be sued with the insured implies a consent on the part of both to abide by the terms of the ordinance. This being so, the second endorsement which refers to "losses which the company would not have been obligated to pay independently of such prescribed statutory endorsement" can mean only the endorsement as interpreted in the light of the ordinance. Except for the ordinance there was no liability on the part of the insurance company after it had canceled the policy in accordance with its terms and had refunded the unearned premium. Except for the ordinance the insurance company could not have been sued in the same action with the insured by a member of the public. Except for the ordinance the plaintiff, after it had canceled the policy in accordance with its terms, would have had no interest in any subsequent claim against the insured and would not have adjusted the same. Unless the second, or indemnity clause, endorsement refers to increased liability *under the ordinance,* in pursuance of which the first endorsement was drawn, it would not effect the

854

intention of the parties in relation thereto. Consequently, when the liability of the insurance company ceased under the terms of the original policy, any liability incurred thereafter under the provisions of the city ordinance was such a liability as might be recovered by it under the indemnity endorsement. The petition to recover this amount set out a cause of action. See in this regard, American Fidelity & Casualty Co. v. Big Four Taxi Co., 111 W. Va. 462 (163 S. E. 40); Amalgamated Casualty & Insurance Co. v. Winslow, 135 Fed. 2d, 663; Travelers Ins. Co. v. Ship by Truck Co., 95 Fed. 2d, 149; Illinois Casualty Co. v. Krol, 324 Ill. App. 478 (58 N. E. 2d, 473). Ohran v. National Autombile Ins. Co. (Cal. App.), 187 Pac. 2d, 66), relied upon by the defendant, is easily distinguishable on its facts. In this case the insured returned its policy for cancellation as of March 15, but was informed by the agent of the insurance company that, due to the necessity of giving a 10-day statutory notice, the policy was not cancellable until such notice expired on March 26, to which the insured agreed and paid a premium for the 10-day extension. In that case the policy remained in force, by agreement between the parties, beyond the date of the accident, which occurred on March 22. In the present case the policy was not in force, as between the parties, on the date of the accident. It was only in force insofar as members of the public generally were concerned. This case, in consequence, gives us no authority to reverse the judgment of the trial court.

The petition as amended set out a cause of action and the court did not err in overruling the general demurrer interposed thereto.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*