## National Union Fire Insurance Company v. Edgewood Company, etc.

(Decided June 12, 1925.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Insurance—Clause of Policy Limiting Recovery Held to Apply to Containers of Whiskey Insured.—Where insurance policy described property covered as whiskey in barrels and packages, including

barrels and packages, and provided that limit of recovery in event of loss to property insured should not exceed $1.50 per gallon containers of whiskey were included within limit of recovery.

2.  Insurance—Ambiguous Phraseology or Uncertainty of Interpretation in Contract is Generally Determined Against Company which Prepared and Used Language.—Ambiguous Phraseology or uncertainty of interpretation in insurance contract is generally determined against company which prepared and used language.

3.  Insurance—Demurrer to Item of Petition for Loss of Cases Containing Whiskey should have been Sustained.—In action on insurance policy covering whiskey in barrels and packages, including barrels and packages, and limiting recovery for loss of its property insured not to exceed $1.50 per gallon, where petition alleged right of recovery on liquor in one item, and in second item, for loss of packages containing it, demurrer to petition as to second item should have been sustained.

R. C. SIMMONS and HITE H. HUFFAKER for appellant.

A. E. STRICKLETT for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellee in August, 1920, was the owner of 450 gallons of whiskey, already bottled and placed in cases of three gallons each, and located at one of the warehouses of the Cedar Brook Distillery in Anderson county.

In August, 1920, shortly after the purchase of this whiskey, appellant insurance company issued to appellee a policy of insurance thereon, the correct interpretation of which is the subject of this litigation.

The 450 gallons of whiskey in the packages as it was when insured was destroyed by fire in September, 1920, and the parties being unable to agree upon the amount of indemnity fixed by the policy, this suit followed.

The appellee in its petition, conceiving that under the terms of the policy there was a separate contract of indemnity for the 450 gallons of whiskey and for the 150 packages or cases in which it was contained, declared on two items, to-wit, 450 gallons of whiskey at $1.50 per gallon, aggregating $675.00, and the 150 cases or packages in which it was placed at $1,925.00, the two items aggregating $2,600.00, the total amount of insurance fixed in the contract.

The defendant demurred to so much of the petition as asserted a right of recovery for the second named

item, and moved to strike therefrom so much as relied upon a recovery for that item, which demurrer and motion were overruled. In its answer as amended the defendant practically admitted liability for the 450 gallons of whiskey at $1.50 per gallon, and alleged that under the terms of the policy the limit of recovery was $1.50 per gallon, which limitation applied not only to the whiskey itself but to the containers in which the whiskey was placed at the time of the insurance, and that its total liability therefor was only $675.00.

The policy provided that in consideration of the payment of the premium appellant insured for the term of one year:

"Against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding $2,600.00 to the *following described property* while located and contained as described herein, and not elsewhere, to-wit, on whiskey in barrels and packages, including barrels and packages containing same. . . . It is understood and agreed that the limit of recovery in the event of loss *to the property insured* shall not exceed $1.50 per gallon."

The only question we deem it necessary to consider is whether the limitation upon the amount of recovery in the event of loss applies to the commercial package alone in which the whiskey was contained—three gallons in each case—or whether from the language used it was intended that the cases, bottles, wrappings, etc., in which the whiskey was encased were likewise insured in addition to the whiskey itself.

It is true that by the language of the policy not only the whiskey but the barrels and packages containing the same were insured; but when it came to limiting the amount of recovery in the event of loss, the limitation is upon *the property insured.* Keeping in mind that at the time the policy was issued the whiskey was in cases, we can see no practical, sound or sensible interpretation of this limitation upon recovery, except that it necessarily meant, and must have been understood by the parties at the time to mean, that the commercial packages containing this quantity of whiskey were embraced within the limitation, and that the purpose was to limit the amount of the recovery as fixed in the policy without reference

to the value of the material used in preparing the whiskey for the market.   The measure fixed in the limitation as "gallons" was only a convenient and practical way of fixing the limit of recovery in the event of the loss of the commercial packages and their contents.

Under the language of the policy itself the limitation is upon the *property insured,* and that embraces not only the whiskey itself, but the materials used in placing it in the commercial packages.   Not only so, we know as a matter of practical knowledge that the whiskey itself was the primary thing that was intended to be insured, and the thing about which the parties were primarily contracting.

In the light of sound reason, and in view of the ordinary dealings between men, it cannot be assumed in view of this language that they intended other than to insure the commercial packages containing the whiskey, and in limiting the liability, only used the measure of "gallons" because the chief thing insured could be best measured in that way.   No other measure could have more accurately described this article of commerce so packed and encased ready for distribution.

It was the entity that was insured, that is, the whiskey in the containers including the latter, and when the limitation upon liability was fixed, the chief article insured being a fluid which might be most conveniently measured in "gallons," that measurement was naturally used in the limitation, but it had reference to and included not only the fluid itself but the packed article of commerce including the containers.

The language of the policy upon which appellee relies, "whiskey in barrels and packages including the barrels and packages containing same," upon its face treats the two as an entity, and the one as inclusive of the other, and it is hardly possible when the limitation upon liability was fixed that it was not understood as measuring the whole liability in "gallons" as inclusive of the packages.

It is true that any ambiguous phraseology or uncertainty of interpretation in insurance contracts will generally be determined against the company who prepared and used that language, but we are unable to see in the language used here, considering the nature of the com-

mercial article involved that there could be any uncertainty in the correct interpretation.

Counsel on both sides seem to concede that there is no direct authority or adjudication affecting this question; but entertaining the views above expressed we have found no difficulty in reaching the conclusion that the limitation, although measured in "gallons" by its terms, includes the packages in which the whiskey was encased, and that there can be no recovery except for the packages containing the 450 gallons of whiskey, measured by the number of gallons.

The court should have sustained the demurrer to the petition as to the second item asserted therein, and upon the pleadings as a whole should have directed a judgment for the plaintiff for $675.00.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.