## EAGLE INDEMNITY CO. v. DIEHL.

Circuit Court of Appeals, Ninth Circuit.
June 11, 1928.

No. 5435.

1. Insurance ⚖=665(4)—Evidence showed insured was insolvent, so that plaintiff, having judgment against insured for automobile injuries, could sue insurer.

Evidence showing return of sheriff that he was unable to find any property belonging to insured within county where insured had resided, and that county assessor had searched tax records and discovered no property assessed to insured, and that insured had removed to another state, and that he had nothing but salary, household effects, and automobile, *held* to show that insured was insolvent, so that plaintiff, having judgment against insured for damages for injuries caused by automobile, could maintain suit against insurer under terms of policy.

2. Insurance ⚖=591½—Plaintiff, having judgment against insolvent insured for injuries from automobile, could sue insurer directly under terms of policy.

Plaintiff, having judgment against insured, who was insolvent, for injuries caused by automobile, could maintain action directly against insurer under terms of policy, even though insurer took charge of defense in action against insured, and was bound by judgment, and plaintiff might have proceeded against insurer by garnishment.

3. Appeal and error ⚖=183—Insurer waived right to insist on garnishment proceedings, rather than direct action against it on judgment against insured for automobile injuries, by failure to assert it in lower court.

If insurer had right to insist on garnishment proceedings, rather than direct action against it by plaintiff on judgment against insured for injuries caused by automobile, it waived right by failure to assert it· in lower court.

Appeal from the District Court of the United States for the District of Oregon.

Action by Edna Diehl against the Eagle Indemnity Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The appellee, as plaintiff, brought an action in the court below against the appellant, alleging that prior thereto she had recovered in the court of the state of Oregon for Multnomah county a judgment against one Dorr in the sum of $7,000 as damages on account of personal injuries sustained by her through the negligence of said Dorr in operating his automobile; that at that time said Dorr held a policy of insurance issued by the appellant against loss to any person on account of bodily injuries sustained by accident by any automobile driven by him, not exceeding the sum of $10,000 to any one person in any one accident; and that in compliance with a provision of the policy to the effect that the appellant would defend any cause of action brought against the insured on account of an automobile accident, as provided in the policy, and pay the costs of such defense, the appellant did defend and pay the cost of the defense in said action against the insured.

The policy contained the following provision: "In the event of the bankruptcy or insolvency of the named insured, the company shall not be relieved of the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against the named insured is returned unsatisfied in an action brought by the injured or his or her personal representatives in case death results from the accident, then an action may be maintained by the injured person or his or her personal representative against the company under the terms of this policy for the amount of judgment in said action, not exceeding the amount of the policy."

On the trial before a jury the appellee recovered a judgment against the appellant for the amount sued for.

E. L. McDougal, of Portland, Or., for appellant.

Lord & Moulton and Floyd D. Moore, all of Portland, Or., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The only assignment of error is that the court below denied the appellant's motion for an instructed verdict in its favor, which motion, it is contended, should have been granted for want of proof of the insolvency or bankruptcy of the insured. Upon that issue there was the proof of the return of the sheriff that he had been unable to find any property, personal or real, belonging to the insured within the county of Multnomah, state of Oregon, where the insured had resided, and evidence that the county assessor · had searched the tax records of the county and discovered no property assessed to the insured during the years 1926 and 1927, and it was shown that at the time of the trial in the court below the insured had removed from the state of Oregon to California. There was also evidence of a statement made by him that he had nothing but his salary as an automobile salesman, his household effects, and his automobile, which was agreed to be of comparatively small value.

The appellant upon its part made no effort to show that the insured had assets out of which the judgment could have been satisfied. The above-quoted clause in the insurance contract was inserted in obedience to a statute of New York, which provided that the insolvency or bankruptcy of the insured should not relieve the company from payment. In Miller v. Union Indemnity Co., 209 App. Div. 455, 204 N. Y. S. 730, it was held that the bankruptcy or insolvency of the insured; which should not release the company, meant only the inability of the insured to meet his financial obligations, and did not mean that he must have been adjudicated insolvent or bankrupt, and that the word "insolvency" must be given its usual broad meaning of general financial irresponsibility. Both the appellant and the appellee cite United States Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660, in which the Court of Appeals of Maryland held that, where it is a controverted question, the sheriff's return of nulla bona to a writ of execution on a judgment against the insured is insufficient alone to establish the latter's insolvency or bankruptcy within the provision of a policy authorizing recovery by an injured party.

But in the case at bar, as we have shown, the sheriff's return was not the only evidence of the insolvency of the insured. And although the evidence does not absolutely demonstrate the inability of the insured to pay the judgment, it is sufficient, we think, to comply with the letter and spirit of the contract, based, as it was, upon a statute of New York, under the laws of which state the appellant is incorporated. In Merchants' Liability Co. v. Smart, 267 U. S. 126, 131, 45 S. Ct. 320, 321, 69 L. Ed. 538, it was said of the New York statute: "It secures to the injured person the indemnity which his injurer has provided for himself in advance to avoid payment for the injury. But the clause becomes operative only in the event of the insolvency or bankruptcy of the assured, when he can no longer use the indemnity to pay the injured person as he should. The title to the indemnity passes out of the bankrupt or insolvent person, and vests in him in whom the contract and the state law declares it should vest."

[2, 3] Although it is based on no ruling of the court below, and upon no assignment of error, the appellant advances the contention that the appellee's remedy was by garnishment proceedings. Conceding it to be true that, in view of the admitted fact that the appellant took charge of the defense in the action against the insured, it was bound by the judgment in that action, and might have been proceeded against by garnishment (Patterson v. Adan, 119 Minn. 308, 138 N. W. 281, 48 L. R. A. [N. S.] 184), it is nevertheless true that the insurance contract created a direct obligation in favor of the appellee, upon which she might bring an action directly against the appellant (Finkelberg v. Continental Casualty Co., 126 Wash. 543, 219 P. 12; Malachowski v. Varro, 76 Cal. App. 207, 244 P. 936; Miano v. Empire Surety Co., 153 App. Div. 423, 138 N. Y. S. 475). It is also true that, if the appellant had the right to insist upon garnishment proceedings, it waived the right by its failure to assert it in the court below.

The judgment is affirmed.