**CENTRAL MUT. INS. CO. v. TARTAR.**

No. 7643.

Circuit Court of Appeals, Sixth Circuit.

Nov. 5, 1937.

Ben V. Smith & Son and Ben D. Smith, all of Somerset, Ky., for appellant.

B. J. Bethurum and Kennedy & Kennedy, all of Somerset, Ky., for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The appellant issued a policy of insurance to Calderone agreeing to idemnify him against loss from liability imposed upon him by law for the personal injury or death of any person caused by the operation of a truck. An agent of Calderone, while operating the truck, caused the death of Gentry, appellee's intestate, in Pulaski county, Ky. Appellee sued Calderone in the state court and obtained a judgment on which execution was issued and returned "no

property found." Later the appellee brought this suit against appellant under clauses in the policy providing that appellant would pay any final judgment rendered against Calderone, and further, that upon the failure of Calderone to pay such judgment, the judgment creditor might maintain an action in the proper court against appellant to compel the payment thereof by it. On the trial the law and facts were submitted to the court without a jury, and a general judgment was rendered for the appellee in the sum of $5,000, the amount adjudged against the insured in the action for damages.

No question of jurisdiction of the person of the appellant or of the subject matter of the litigation was raised by the pleadings, and, although the court found special facts, no request was made by either party for specific findings of law or fact. The question of the sufficiency of the law and evidence to support a judgment in favor of the appellee was raised, however, by motion for a judgment for the appellant made and overruled at the conclusion of the evidence. We think the motion was properly denied.

The suit is one to compel payment of a judgment rendered against the insured. It is founded not on the requirements of the Motor Vehicle Act and rules of the Public Utilities Commission of Ohio, but on a contract made with appellant for the benefit of any person injured or killed through the negligent operation of the truck. Action thereon could be maintained by appellee, a beneficiary thereof, directly against appellant, the obligor. Ocean Accident & Guaranty Co. v. Schmidt, 46 F. (2d) 269 (C.C.A.6); Eagle Indemnity Co. v. Diehl, 27 F.(2d) 76 (C.C.A.9); Ætna Life Insurance Co. v. Maxwell, 89 F.2d 988 (C.C.A.4). It was not necessary, in order to do so, that appellee show the insolvency of the insured, since the insured failed to pay the judgment obtained against him, and, under an indorsement on the policy, upon his failure to do so, the judgment creditor might bring an action against the appellant.

[3] Appellant cannot complain of the judgment on the ground that the policy did not apply to the death of Gentry because of a deviation in the agreed operating route of the truck. The court found as a fact that there was no deviation from the agreed territory, and no error is assigned to that finding. Besides, the policy provides that "no condition, provision,

stipulation, or limitation contained in the policy, * * * nor the violation of any of the same by the insured shall affect in any way the right of any person injured in person or property by the negligence of the insured or shall relieve the insurance company from the liability provided for in this endorsement." The same provision precludes the appellant from setting up and relying on the defenses that the driver of the truck was not a licensed chauffeur in the state of Kentucky, and that the insured did not co-operate with the appellant in the defense of the original action.

The judgment is affirmed.