## Central Mut. Ins. Co. v. Pippen.

## Same v. Wright.

(Decided Dec. 7, 1937.)

BEN V. SMITH & SON for appellant.

H. C. KENNEDY and B. J. BETHURUM for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

In September, 1934, a motortruck owned by Joe Calderone of Sebring, Ohio, which was in charge of Paul Jacobs but driven by Joe Palermo, came in collision with an automobile being driven by Archie David-

son and in which B. A. Gentry, Opal Bell Pippen, and Bessie Wright were riding on highway 27 in Pulaski county, Ky. As a result of the collision Gentry was killed and Opal Bell Pippen and Bessie Wright sustained injuries. Separate actions were instituted by the administrator of Gentry and by the two occupants of the automobile who were injured.

The Central Mutual Insurance Company of Chicago, Ill., had issued to Joe Calderone a policy on the truck insuring against loss from liability not in excess of $5,000 to one person injured and not in excess of $10,000 for one accident. After Calderone had been served with process in the three actions, he immediately notified the insurer, and it employed a firm of eminent and capable attorneys who took charge and conducted the defense in each of the actions. The administrator recovered judgment in the sum of $5,000, and Opal Bell Pippen and Bessie Wright recovered judgments in the sums of $800 and $1,500, respectively. No appeal was prosecuted from either of the judgments, and execution in each of the cases was returned "no property found."

Thereafter plaintiffs in the three actions filed separate suits against the Central Mutual Insurance Company seeking to recover on the judgments under the policy. Upon petition filed by the defendant, the action of the administrator of Gentry was removed to the District Court of the United States for the Eastern District of Kentucky, where trial on the law and facts without the intervention of a jury resulted in a judgment for plaintiff in the amount sued for. An appeal prosecuted to the United States Circuit Court of Appeals resulted in an affirmance of that judgment. Central Mut. Ins. Co. v. Tartar, 6 Cir., 92 F. 2d 839, 840.

The defendant interposed a number of defenses in the other two actions, and by agreement of parties they were consolidated and heard together by the court on the law and facts without a jury, and from judgment for each of the plaintiffs in the amount sued for this appeal is prosecuted.

The conclusions we have reached concerning the issue as to whether appellant is concluded by the judgments against Calderone render it unnecessary to discuss other phases of the case. Under the provisions of the policy appellant obligated itself to investigate all

accidents and claims covered thereunder and to defend in the name and on behalf of the assured all accidents thereon, even though groundless; and it is further provided in a rider attached to and which is a part of the policy contract that the company will pay to the judgment creditors any final judgment rendered against the insured, upon a liability under the policy and within the limits set forth therein, and will satisfy such final judgment upon failure of the assured to do so; and that any such judgment creditor may maintain an action in a proper court against the insurance company to compel the satisfaction of any such judgment. It is further provided in effect that the company shall not be relieved of liability by reason of any violation of the assured of any condition, provision, or stipulation contained in the policy.

It is argued by counsel for appellant that some of the provisions of the policy above referred to were inserted to conform to requirements of the statutes of Ohio and had no extraterritorial effect; that appellant was relieved of liability because of deviation from the route mentioned in the application for the policy and because the driver of the truck was not a licensed chauffeur, etc. The same defenses were interposed and the same grounds for reversal were relied on in the Gentry Case in the federal court. In disposing of these contentions the Circuit Court of Appeals in its opinion said:

"The suit is one to compel payment of a judgment rendered against the insured. It is founded not on the requirements of the Motor Vehicle Act and rules of the Public Utilities Commission of Ohio, but on a contract made with appellant for the benefit of any person injured or killed through the negligent operation of the truck. Action thereon could be maintained by appellee, a beneficiary thereof, directly against appellant, the obligor. Ocean Accident & Guaranty Company v. Schmidt, 46 F. 2d 269, C. C. A. 6; Eagle Indemnity Company v. Diehl, 27 F. 2d 76, C. C. A. 9; Aetna Life Insurance Company v. Maxwell, 89 F. 2d 988, C. C. A. 4. It was not necessary, in order to do so, that appellee show the insolvency of the insured, since the insured failed to pay the judgment obtained against him, and, under an indorsement on the policy, upon

his failure to do so, the judgment creditor might bring an action against the appellant.

"Appellant cannot complain of the judgment on the ground that the policy did not apply to the death of Gentry because of a deviation in the agreed operating route of the truck. The court found as a fact that there was no deviation from the agreed territory, and no error is assigned to that finding. Besides, the policy provides that, 'No condition, provision, stipulation, or limitation contained in the policy, * * * nor the violation of any of the same by the insured shall affect in any way the right of any person injured in person or property by the negligence of the insured or shall relieve the insurance company from the liability provided for in this endorsement.'

"The same provision precludes the appellant from setting up and relying on the defenses that the driver of the truck was not a licensed chauffeur in the state of Kentucky, and that the insured did not cooperate with the appellant in the defense of the original action."

We find ourselves in full accord with the conclusions reached by the Circuit Court of Appeals, which are so tersely and clearly expressed in the foregoing excerpt as to render further elaboration unnecessary.

Judgments affirmed.