# Travelers Mut. Casualty Co. of Des Moines, Iowa, v. Thornsbury.

Feb. 10, 1939.

CLYDE R. LEVI for appellant.

ARTHUR T. BRYSON and WM. E. FANNING for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

One Alvin H. Blair qualified as a jitney bus operator under the ordinances of the City of Ashland and under provisions of section 2739L-9 et seq. of the Kentucky Statutes, which were Senate Bill 464, passed by the 1932 General Assembly, and in doing so was issued a policy of insurance by appellant, who thereby assumed the liability prescribed in section 2739L-11. By a rider or endorsement on the policy, it is provided that the company will pay to judgment creditors any final judgment rendered against the insured upon a liability under

the policy within the limit of $5,000, and will satisfy such final judgment upon failure of the insured to do so, and that any such judgment creditor may maintain an action against the company to compel the satisfaction of any such judgment.

Blair, while operating the car covered by the policy, struck and injured appellee, Lewis Thornsbury, who recovered judgment against him in the Boyd Circuit Court for $15,000 for personal injuries. Being unable to collect the judgment from Blair, appellee filed suit in the Boyd Circuit Court against appellant to recover the maximum liability provided by the policy.

The policy issued contained on page 2 a Schedule of Statements, and Statement 7 is as follows: "The above described automobile is and will be used only for taxicab operation—for carrying passengers for a consideration."

Page 2 of the policy contains a "Schedule of Perils and Extent of Such Coverage." Under section 2 of this topic appears the sub-heading, "Conditions, Limitations and Agreements," and the Third Paragraph under this sub-heading is designated "Limitation of Use," the language of such paragraph being:

"This policy does not cover any loss * * * while the automobile insured hereunder is operated, maintained or used for any purpose other than that specified in Statement 7 of the Schedule of Statements. * * *"

Appellant, in its answer, set up the provisions of the policy and plead as a defense that at the time appellee was injured by Blair he was not an operator within the meaning of the above mentioned section of the statutes and was not operating his jitney as a taxicab carrying passengers for a consideration, but was operating same for his own personal use and benefit. From the allegations of the answer, it appears that Blair operated his automobile as a jitney under authority granted him by the State and City of Ashland until approximately 3 o'clock on the day of the accident; that under the schedule providing for operation of the jitney he discontinued operating as such at approximately 3 o'clock P M. and then drove to his home and remained there until about 6 o'clock; that he then drove his automobile to call on friends in Ashland and remained there until

about 9 o'clock P. M. and while en route home the accident occurred. Demurrer was sustained to this answer, and, appellant declining to plead further, judgment was rendered against it for $5,000, the limit of liability under the policy. From that judgment this appeal is prosecuted.

Appellant insists that, by reason of the Limitation of Use above quoted, there is no liability on its part under the policy, its contention being that the policy does not cover any loss while the automobile was operated for any purpose other than that specified in Statement 7, and Statement 7 prescribes that it will be used only for taxicab operation, carrying passengers for a consideration.

We do not consider it necessary to decide the question thus raised by appellant, because this contention does not take into consideration the rider or endorsement attached to the policy. Conceding, arguendo, that under the policy proper appellant is correct in this contention, we are of the opinion that appellant is liable by reason of the rider or endorsement.

The endorsement, so far as material to this question, provides:

"In consideration of the premium stipulated in the policy to which this endorsement is attached, the insurer agrees to pay any final judgment rendered against the assured to any person * * * for personal injuries * * *. No condition, provision, stipulation or limitation contained in the policy or any other endorsement thereon, nor the violation of any of the same by the insured, shall affect in any way the rights of any person * * * injured in his person or property by the negligence of the insured or relieve the company from the liability provided for in this endorsement or from the payment to such person of any such judgment, to the extent and in the amount above set forth; but the conditions, provisions, stipulations and limitations contained in the policy * * * shall remain in full force and be binding as between the insured and the company, and the assured shall reimburse the company for any payments made on account of any accident * * * which payments the company would not have been obligated to make under the provisions of the policy independently of the provisions of Senate Bill 464 ;

passed by the 1932 General Assembly of Kentucky."

It seems clear to us that this endorsement covers and was intended to cover the situation here presented. The language of the policy on which the appellant relies, in support of its contention that the policy does not cover a judgment rendered against the assured while operating the car for his personal use, is by the policy termed a limitation, particularly "limitation of use." This limitation of use is that above quoted, namely, that the policy does not cover loss while the automobile is operated for any purpose other than "taxicab operation —for carrying passengers for a consideration," under Statement 7. The endorsement to the policy as quoted, insofar as applicable to the particular circumstances in this case, and as boiled down to the essence, says, in effect, "No limitation contained in the policy shall affect the rights of any person injured or relieve the company from the payment to such person of any such judgment."

As evidencing the fact that this was the intention of the endorsement, the further provision is made that the limitations in the policy shall remain in force as between the insured and the company, and that he shall reimburse the company for payments made on account of an accident, which payments the company would not have been obligated to make under the provisions of the policy independently of the provisions of Senate Bill 464. We have indicated above that we think the obvious purpose of this language of the endorsement was to cover a situation of the kind here presented. If there is any doubt as to its interpretation, it must be resolved against the appellant, who prepared the policy and endorsement. National Union Fire Insurance Company v. Edgewood Company, 209 Ky. 532, 273 S. W. 90; General Accident, Fire & Life Assurance Corp. v. Louisville Home Telephone Company, 175 Ky. 96, 193 S. W. 1031, L. R. A. 1917D, 952.

We regard the decision in Central Mutual Insurance Company v. Pippen, 271 Ky. 280, 111 S. W. (2d) 425, as practically determinative of the question here presented. That opinion discloses that one Gentry was killed in the same wreck out of which the Pippen Case arose and the action of Gentry's administrator against the Insurance Company was removed to the Federal

Court. The Circuit Court of Appeals for the Sixth Circuit, in Central Mutual Insurance Company v. Tartar, 92 F. (2d) 839, 840, held the Insurance Company liable and used this language:

"Appellant cannot complain of the judgment on the ground that the policy did not apply to the death of Gentry because of a deviation in the agreed operating route of the truck. The court found as a fact that there was no deviation from the agreed territory, and no error is assigned to that finding. Besides, the policy provides that 'no condition, provision, stipulation, or limitation contained in the policy, * * * nor the violation of any of the same by the insured shall affect in any way the right of any person injured in person or property by the negligence of the insured or shall relieve the insurance company from the liability provided for in this endorsement.' * * *"

It will be observed from the foregoing language that the Insurance Company contended that the injury was not covered by the policy because of the deviation in the agreed operating route of the truck. A deviation in operating route was relied on in the same way that the defense is made in the case at bar, namely, that under the policy the truck was only covered when it was operating on the route named in the policy, just as in the present case the defense is made that the car is not covered because it was being operated for personal use and not as a taxicab in accordance with the terms of the policy. The Pippen Case cited the above language of the Federal Court and stated that this court was in full accord with the conclusions reached. It is true that in Central Mutual Insurance Company v. Tartar, supra, the conclusion reached was based on two reasons, the first being that the court found as a fact there was no deviation, the second reason being the provision contained in the endorsement. That endorsement was almost identical in language with the one appearing in this case. This court, in Central Mutual Insurance Company v. Pippen, supra, in approving the conclusions reached by the Federal Court as embodied in the above language, necessarily approved both reasons assigned in that opinion as the basis of the decision.

We see no reason to depart from the conclusion reached in Central Mutual Insurance Company v. Pip-

pen, supra, and we are in full accord with the conclusion therein reached that the provisions of the endorsement enlarge and broaden the provisions of the policy, making the limitation of use provided in the policy inapplicable as between the insurer and persons injured by the insured.

The judgment is affirmed.