### EQUITY MUT. INS. CO. v. FISHER.

Court of Appeals of Kentucky.
March 27, 1953.

Kenneth H. Tuggle, Barbourville, for appellant.

J. J. Tye, Barbourville, for appellee.

CAMMACK, Justice.

Eugene Roark obtained an insurance policy from the Equity Mutual Insurance Company to cover an automobile which he intended to use as a taxicab. When he applied for his insurance and made a down payment thereon he also sent a cashier's check to the Division of Motor Transportation at Frankfort for a taxi permit. In due time he received his insurance policy. However, he was never issued a taxicab permit. While the insurance policy was still in force, Roark's car collided with another one and caused damages to the property of Chris E. Fisher. Subsequently, Roark was notified that his insurance was cancelled and that the Company denied liability on the ground that he did not hold a taxicab permit at the time of the accident. Roark was notified further that the Insurance Company would proceed with the defense of the suits growing out of the accident, but would do so without prejudice to its right to assert any defenses under the policy.

It is the contention of the Insurance Company that the policy was never in effect, because Roark's obtention of a taxicab permit was a condition precedent to the imposition of liability on it. Certain provisions of the policy standing alone tend to support the position of the Insurance Company. Reliance is placed also upon the case of Commercial Standard Insurance Company v. Robertson, 6 Cir., 159 F.2d 405, wherein the court upheld the position of the Insurance Company insofar as the case at hand is concerned.

Fisher relies upon the case of Travelers Mutual Casualty Company of Des Moines, Iowa v. Thornsbury, 276 Ky. 762, 125 S.W. 2d 229. The insurance policy in that case contained provisions similar to the ones in the case at bar. The Company was held liable, even though the accident in which Thornsbury was injured by the taxicab occurred while the cab was being used for private purposes. Insofar as the limitation provision of the policy was concerned, the court said that no limitation contained in the policy should affect the rights of any person injured, or relieve the Company of the payment to such person of any judgment for damages growing out of the accident. We think that case is controlling here.

Judgment affirmed.