COOK *v.* CHECKER MUTUAL AUTOMOBILE
INSURANCE COMPANY.

FORD *v.* SAME.

1. AUTOMOBILES—TAXICABS—INSURANCE—ORDINANCES—POLICY.

Provisions of taxicab ordinance requiring taxicabs to be licensed by city and providing that a certificate of insurance be filed before license could be issued made the insurance compulsory and became a part of the policy issued to principal defendant owner by garnishee defendant insurer (Detroit Taxicab Ordinance No 87–C).

2. INSURANCE—TAXICABS—VIOLATION BY OWNER—RIGHTS OF PUBLIC.

A violation of the terms of a taxicab insurance policy by the owner of the taxicab cannot affect the rights of the public who claim under its provisions after such claim has been substantiated by a judgment at law, since such a policy is one of indemnity for the benefit of the traveling public (Detroit Taxicab Ordinance No 87–C).

3. AUTOMOBILES—TAXICABS—INSURANCE—BREACH OF POLICY AND ORDINANCE BY OWNER.

Members of the public who sustained personal injuries or property damage as the result of the operation of taxicab insured pursuant to city ordinance compelling owner to carry insurance were entitled to recover on garnishment against insurer after judgment against owner who had violated terms of policy and ordinance by permitting an unlicensed driver to operate the taxicab when the injuries were sustained (Detroit Taxicab Ordinance No 87–C).

Appeals from Wayne; Culehan (Miles N.), J. Submitted June 4, 1953.  (Docket Nos. 46, 47, Calendar Nos. 45,784, 45,785.)  Decided October 6, 1953.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur, Automobiles § 519.

Separate actions of garnishment by Ralph L. Cook and Thomas Ford against Checker Mutual Automobile Insurance Company. Cases consolidated. Judgments for plaintiffs in circuit court. Defendant appeals. Affirmed.

*Samuel W. Barr* (*Louis Rosenzweig,* of counsel), for plaintiffs.

*Edward N. Barnard,* for defendant.

SHARPE, J.   These 2 cases involve 2 appeals from judgments entered in the circuit court of Wayne county against Checker Mutual Automobile Insurance Company as garnishee defendant in each case. The material facts are not in dispute and are as follows: Each of the plaintiffs, Ralph L. Cook and Thomas Ford, brought separate actions against defendants, Francis A. Bergert and Luigi Dinverno, in the common pleas court for the city of Detroit. Judgments were entered in both cases against the defendants, in the Ford case for $664.47, and in the Cook case for $311. In each case, defendant Bergert was the owner of the taxicab involved and defendant Dinverno was its driver.

Thereafter, each plaintiff started garnishment proceedings against defendant insurance company. The insurance company made a disclosure of no indebtedness, but did disclose that it was the insurer of the owner of the taxicab. At the trial in the common pleas court, on the garnishment issue, it was shown that at the time of the accident Luigi Dinverno never had a public vehicle license, to operate a taxicab, as is required under ordinance 87–C, but defendant Bergert permitted Dinverno to operate the cab at the time of the accident. The common pleas court entered judgment in favor of both plaintiffs. Defendant, Checker Mutual Automobile In-

surance Company, appealed to the circuit court and urged:

"The court erred in holding that the garnishee defendant was liable to the principal defendant under the terms of the policy of insurance involved.

"The court erred in holding that there was any liability on the part of the garnishee defendant to the principal defendant under the policy of insurance involved, for the insured taxicab was being operated at the time of the alleged accident by an unauthorized driver.

"The court erred in holding that there was any liability on the part of the garnishee defendant to the principal defendant under the policy of insurance involved on the ground that the insured taxicab was at the time of the alleged amendment being operated by a driver who had no public vehicle license as required by ordinance 87-C of the ordinances of the city of Detroit.

"The court erred in holding that there was liability under the insurance policy involved, because the insured taxicab was being operated at the time of the alleged accident contrary to the provisions of ordinance 87-C of the ordinances of the city of Detroit."

The cause was argued in the circuit court, and the court affirmed the decision of the common pleas court. In an opinion the court stated:

"I am holding that the insurance policy is for the benefit of the public, in accordance with the ordinance, and not for the benefit of the insured or the insurance company. I rule that the owner of the cab was guilty of an omission. The judgment of the lower court in both cases is upheld."

Defendant, Checker Mutual Automobile Insurance Company, appeals and urges the same reasons that were urged in its appeal from the common pleas court to the circuit court. The policy issued by the

Checker Mutual Automobile Insurance Company provides:

"V. This policy is issued upon the express agreement and undertaking by the insured as stated in his application for this policy that in no event will he operate or permit or cause the automobile covered hereby to be operated as a taxicab under any other name, color, or design than a Checker Cab, nor by anyone except a member or associate member (or driver therefor) in good standing in Checker Cab Company at any time prior to final revocation and cancellation of this policy in accordance with the provisions of the taxicab ordinance of the city of Detroit in effect at the time of the issuance of this policy, and the insured agrees that the company shall have the right to enforce this provision by taking immediate possession of the automobile hereby covered by legal action or otherwise or by injunctive proceedings in a court of chancery, and these remedies shall be cumulative and concurrent.

"W. It is contemplated that the automobile covered by this policy shall be used principally as a taxicab under the provisions of the taxicab ordinance of the city of Detroit in effect at the date of this policy, and until the policy is revoked in accordance with the provisions of said taxicab ordinance the company shall not be relieved from liability for public liability or property damage on account of nonpayment of premium, failure to renew license at the end of the year or any act or omission of the named assured. Notwithstanding any provisions herein contained to the contrary this policy is issued subject to the terms and conditions of section 7 of ordinance 87–C of the city of Detroit, otherwise known as the taxicab ordinance in the same manner as if incorporated herein. Any condition or provision contained in this policy which may be inconsistent with the provisions of said taxicab ordinance, or specific statutory provisions of the State of Michigan in effect at the date of this policy, shall be to the

extent that such conditions or provisions are inconsistent therewith be considered as superseded thereby."

The relevant portions of ordinance 87–C, the taxicab ordinance, are as follows:

"Sec. 3. No person, firm or corporation shall operate for hire upon the streets of the city of Detroit any taxicab or motor vehicle for hire as hereinbefore defined without first obtaining a license therefor from the mayor.  *  *  *

"Sec. 7. Before the issuance of a license to operate a taxicab or motor vehicle for hire, the licensee shall file:

"(a) A certificate signed by a duly authorized officer of a company authorized to write insurance in the State of Michigan to the effect that a policy of insurance has been issued and is in full force and effect, issued to the licensee, and that the premium has been paid as required thereon, together with a true copy of the policy contract or certificate of insurance. In cases where the insurance premium is payable monthly, proper certificates or evidences of payment of the premiums shall be delivered to the license collector not later than the first of each month. Said policy of insurance shall be in the sum of $2,-500, conditioned for the payment of any judgments recovered against such person, firm, copartnership, corporation or association for death or injury to persons or damage to property caused in the operation, maintenance, use or the defective construction of such motor vehicle. Such policy of insurance may limit the liability of the insurer on any judgments to $2,500 for bodily injuries or death and $1,000 for damage to or destruction of property, and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action, the maximum liability for public liability shall be $2,500 and for property damage $1,000.  *  *  *

"Sec. 18. No person shall permit any unlicensed driver or any driver whose license has been suspended or revoked to operate any taxicab in the city of Detroit."

It is urged by plaintiff that where a policy of insurance is issued by virtue of a city ordinance and as a requirement of such ordinance, liability attaches upon the occurrence of the injury to a member of the public even though occasioned by an act or omission of the assured in contravention of the policy.

In the case at bar, the policy of insurance was issued in accordance with ordinance 87–C of the city of Detroit. Under the above ordinance there can be no license issued to operate a taxicab until such insurance is provided. The insurance is compulsory and the provisions of the ordinance become a part of the policy issued.

In support of its claim of nonliability, defendant relies on *Zabonick* v. *Ralston,* 272 Mich 247. In the above case the insurance policy contained the following:

"The company shall not be liable while any automobile herein covered is used, operated, manipulated or maintained by any person prohibited by law from driving the automobile."

We there held that the provision of any insurance policy providing that the insurer shall not be liable thereunder when the automobile is being driven contrary to law is a valid provision in the policy.

Plaintiff urges that decision in the above case has no application to compulsory insurance policies such as was issued in the case at bar. We note that section 7(a) of the ordinance, among other provisions, says:

"Such policy of insurance shall contain a provision for a continuing liability thereunder to the full amount thereof, notwithstanding any recovery there-

on, and that until the policy is revoked as herein provided, the insurance company will not be relieved from liability on account of nonpayment of premium, failure to renew license at the end of the year, or any act or omission of the named assured."

Other jurisdictions have had occasion to construe these so-called jitney bus insurance policies. In *Boyle* v. *Manufacturers' Liability Insurance Company,* 96 NJL 380 (115 A 383), the court said:

"The policy of jitney insurance is one of indemnity under the statute for the benefit of the traveling public, and that whatever legal rights or equities may subsist as between the insured and insurer by reason of any violation of the terms of the policy cannot affect the rights of the public who claim under its provisions after such claim has been substantiated by a judgment at law."

See, also, *Hynding* v. *Home Accident Insurance Company,* 214 Cal 743 (7 P2d 999, 85 ALR 13); *Zelber* v. *Commonwealth Casualty Company,* 106 NJL 611 (150 A 243); and *Traveler's Mutual Casualty Company of Des Moines, Iowa,* v. *Thornsbury,* 276 Ky 762 (125 SW2d 229).

Section W of the policy provides that the insurer "shall not be relieved from liability for  *  *  * any act or omission of the named assured."   Moreover, the above section W refers to and incorporates section 7 of the taxicab ordinance which requires the policy to include such a provision for continuing liability.   In our opinion defendant's liability under the policy continued regardless of the fact that the insured employed an ineligible driver.   We are also of the opinion that the case relied on by defendant has no application to the facts in this case.   In coming to our conclusions, we have in mind that the purpose of the ordinance and insurance required thereunder is for the protection of the public in the use,

maintenance, and operation of taxicabs and to provide for payment to the members of the public sustaining personal injuries or property damage.

The judgments are affirmed, with costs to plaintiffs.

Dethmers, C. J., and Adams, Butzel, Carr, Bushnell, and Reid, JJ., concurred.

Boyles, J., did not sit.