Illinois Casualty Company, Appellant, v. John Krol, Individually and Trading as Krol Coal and Supply Company and John Krol, Jr., Appellees.

Gen. No. 42,674.

Opinion filed December 19, 1944.   Released for publication January 4, 1945.

HINSHAW & CULBERTSON, of Chicago, for appellant; OSWELL G. TREADWAY, of Chicago, of counsel.

PAUL W. PRETZEL, of Chicago, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

From a stipulation of facts entered into upon the trial, it appears that in May 1941 Illinois Casualty Company issued a liability insurance policy to the defendant, John Krol, doing business as Krol Coal & Supply Company, covering, among other vehicles, a Ford dump truck used for customer delivery. In July 1941 John Krol, Jr., then a minor aged 17, while driving the truck in the course of his employment by the Krol Company for pay or compensation, without a chauffeur's license, negligently passed through a stop light at the intersection of Page avenue and 150th street in Harvey, Illinois, and struck a Studebaker automobile which was being driven by Fred Fouts, its owner, and injured Fouts and two passengers in his car, Mildred Mathews and Helen Langerstedt. Defendant reported the accident to plaintiff and called upon it to investigate and adjust the claims of the injured parties. August 7, 1941, after careful investiga-

tion, plaintiff served a notice of nonwaiver on defendant, disclaiming coverage and calling the attention of the assured to the provisions of the policy excluding coverage while the truck was being operated by a person in violation of the law applicable to age or occupation of the driver. However, as a result of its investigation plaintiff was of opinion that it was for the best interests of all parties to adjust and settle the claims, and secured offers of settlement from Fouts, Mathews and Langerstedt. December 5, 1941 plaintiff again served notice upon defendant disclaiming liability on the ground of noncoverage because Krol, Jr., was at the time of the occurrence driving the truck without a chauffeur's license and under the age necessary to engage in such occupation, and advised defendant that it would seek reimbursement for any sums it might be required to pay under section 16 of the Illinois Truck Act. At the same time it apprised defendant of the sums which the injured parties would accept by way of settlement and notified him that if he did not settle the respective claims within seven days, plaintiff would do so and look to him for reimbursement in full for the sums so paid. Defendant took no action within the time stipulated and thereafter plaintiff paid to Fouts and his two passengers the aggregate sum of $1,210, which was stipulated as reflecting the reasonable damages sustained. Plaintiff's suit against defendant for reimbursement was tried by the court pursuant to a jury waiver, and resulted in findings and judgment for defendant, from which plaintiff appeals.

Plaintiff takes the position that by virtue of section 16 of the Illinois Truck Act (Ill. Rev. Stat. 1943, ch. 95½, par. 253 [Jones Ill. Stats. Ann. 112.143]) the liability policy issued to John Krol was a "compulsory" policy, under which plaintiff became liable to third persons for damages sustained as the result of the unlawful operation of defendant's truck irrespective of whether defendant complied with the terms and con-

ditions thereof. The forepart of section 16 provides that ''No registration number, certificate or permit shall be issued by the Department to any carrier subject to the provisions of this section nor shall any such carrier operate any truck upon the highways of the State unless he shall have on file with the Department and in effect good and sufficient indemnity bonds, insurance policies (or certificates of insurance in lieu thereof) issued by a surety, indemnity or insurance company authorized under the laws of this State to transact such business within this State which shall insure or indemnify said carrier for his liability, in the case of each truck operated or to be operated by said carrier, to the amount of not less than (1) in the case of injury or death to persons five thousand dollars ($5,000.00) to any one person and ten thousand dollars ($10,000.00) for any one accident; (2) in the case of damage to property other than cargo, five thousand dollars ($5,000.00) for any one accident.'' It then concludes with the provision ''that upon written application to the Department by any carrier subject to the provisions of this section and finding that the applicant has the financial ability to pay any and all damages, liability for which would otherwise be assumed by an indemnitor under subdivision (a) of this section, the Department may waive the requirements of said subdivision (a).''

The obvious purpose of this section of the statute is to require of a carrier financial responsibility for injury or damage sustained by third persons as a result of the unlawful operation of his trucks. Legislative enactments requiring insurance are comparatively new in this State and although the applicable provisions of the Illinois Truck Act have not been construed by our courts, decisions in other jurisdictions are uniformly to the effect that under similar statutes, the insurance required is for the protection of the public, and policy defenses, such as noncoverage or the violation of the

terms and provisions of such a policy, good as against the insured, do not relieve the insurance carrier of liability to third persons, injured in their persons or property, for damages sustained as a result of the insured's unlawful operation of his trucks. If the insured complies with his contract and keeps within the coverage of the policy, he is of course protected. The question arises whether, under our statute, his violation of the terms and provisions of the policy, as in the case at bar, relieves the insurer of liability to third persons. As we interpret the statute, the question whether or not Krol's truck was being operated by his son contrary to law as to his age or occupation, becomes immaterial with respect to the claims of the parties injured as the result of the collision, because the statute, as we read it, was a compulsory statute, enacted for the protection of the public, and therefore plaintiff's liability is unaffected by the fact that defendant's conduct at the time of the occurrence excluded him from coverage under the policy.

We think it is a fair construction of the statute to hold that one of the compelling reasons for enacting the Illinois Truck Act was the necessity of more stringent regulations for the protection of the general public in the use of highways; that one of the methods of effecting this purpose, as adopted by the legislature, is to require the operator of trucks to carry a policy of insurance indemnifying him from his liability, as provided in section 16 of the act; that, as urged by plaintiff, such insurance is for the protection of the public, and therefore policy defenses which may be good as against the insured, do not relieve the insurance carrier of its liability to parties injured in their persons or property by reason of the insured's unlawful operation of its trucks. From all that we can gather, the decisions of other states are uniformly to that effect, and we find in defendant's brief no citations to the contrary. *Engelson v. Commerce Casualty Co.*,

149 Misc. 886, 269 N. Y. S. 453; *Ott v. American Fidelity & Casualty Co.*, 161 S. C. 314, 159 S. E. 635; *Hipp v. Prudential Casualty & Surety Co. of St. Louis, Mo.*, 60 S. D. 300, 244 N. W. 346; *Employers Ins. Co. of Alabama v. Johnston*, 238 Ala. 26, 189 So. 58; *Travelers Mut. Casualty Co. of Des Moines, Iowa v. Thornsbury*, 276 Ky. 762, 125 S. W. (2d) 229; *Central Mut. Ins. Co. v. Tartar*, 92 F. (2d) 839; *Central Mut. Ins. Co. v. Pippen*, 271 Ky. 280, 111 S. W. (2d) 425; *Hindel v. State Farm Mut. Auto Ins. Co.*, 97 F. (2d) 777; *Mitchell v. Great Eastern Stages, Inc.*, 140 Ohio St. 137, 42 N. E. (2d) 771; and *Behaney v. Travelers Ins. Co.*, 121 F. (2d) 838. The foregoing citations involve statutes regulating carriers or vehicles for hire as well as the construction of policies covering trucks and other commercial vehicles issued in accordance with motor vehicle laws or public utility commission requirements.

Defendant seeks to differentiate between section 16 of the Illinois Truck Act and section 42a of the Motor Vehicle Act (Ill. Rev. Stat. 1943, ch. 95½, par. 59 [Jones Ill. Stats. Ann. 85.057]), regulating the posting of surety bonds for vehicles used in transporting passengers. We do not see why it should be necessary to draw any such distinction. Section 42a of the Motor Vehicle Act is not here involved, and is merely another instance where the legislature saw fit by statute to require an insurance policy or some other form of indemnity for the benefit of the traveling public. The purpose of both statutes, in so far as they require policies of insurance, is the same.

Defendant characterizes as untenable plaintiff's insistence upon the validity of the policy to afford it the right to settle the claims of the injured parties without a court proceeding, while at the same time denying that the policy was in force and effect when the accident occurred, and his counsel says that "plaintiff either must aver and assert that the policy was in full force

and effect as far as the assured was concerned and that the plaintiff was entitled to avail itself of the terms and conditions of the policy affecting its rights to investigate, settle or defend or plaintiff must allege that the contract was breached by the actions of the insured in permitting a non-licensed chauffeur to operate the truck''; and depending upon which of these alternative positions plaintiff chose to assume, ''it has either to defend the litigation or abandon it—in either case, allow a court of competent jurisdiction to pass upon the liability of the third person and the negligence of the assured.'' If we are correct in our conclusion that this was a compulsory statute, imposing liability on the insurance company as against third persons, notwithstanding a breach of the policy by defendant, plaintiff could not exculpate itself from liability by claiming a violation of the contract of insurance by defendant, since it would be obliged to defend or settle the claims of the injured persons in any event. If the insurance company abandoned the defense, it would still be liable to the injured persons if section 16 is susceptible of the construction placed upon it; or if plaintiff chose to defend and lost, it would still have to pay any judgment that might have been entered against defendant. The controversy therefore resolves itself into the question whether plaintiff was justified in making a settlement without court proceedings. The policy contains the following provision: ''The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of this policy and for any payment the company would not have been obligated to make under the provisions of this policy except for the agreement contained in this paragraph.'' The stipulated facts admit that Krol's son was negligent in operating his father's truck; that the defendant reported the accident and called upon plaintiff to investigate and ad-

just the claims of the injured parties; that as the result of the investigation made, plaintiff was of the opinion that it was for the best interests of all the parties to adjust and settle the claims, secured offers of settlement from the injured parties, advised defendant of the respective amounts which they would be willing to accept, and notified defendant that if he did not pay the respective sums to the injured parties within a specified time, plaintiff would do so and look to defendant for reimbursement. We see no reason why plaintiff was not within its rights, under the terms of the policy, in following this procedure, instead of waiting until the injured parties brought an action at which the carrier's liability to pay would have to be judicially determined before any right of reimbursement arose. Since plaintiff was liable in any event under section 16 to reimburse the injured parties, assuming that the accident resulted proximately from defendant's negligence, and in view of the provisions of the policy that plaintiff should be reimbursed for any payments made ''on account of any accident, claim, or suit involving a breach of the terms of this policy,'' the only point that could be urged against this procedure would be the unreasonableness of the settlement; and that objection is not available to defendant because it was stipulated ''that the damages sustained, if any, herein, by the plaintiff are in the sum of $1,210, the amount of said settlements,'' and the sum for which judgment was entered.

Moreover, the decisions are generally to the effect that where an insurance carrier, although not liable to the insured because of noncoverage or violation of the terms or provisions of the policy by the insured, is neverthless liable to third persons because of statutory requirements, the insurance carrier is entitled to reimbursement from the insured for any payments made to such third persons by reason of its statutory liability. It was so held in *American Fidelity &*

*Casualty Co. v. Big Four Taxi Co.*, 111 W. Va. 462, 163 S. E. 40, wherein plaintiff issued to defendant a policy of insurance containing an indorsement required by statute making the insurance company directly liable to any person sustaining bodily injuries for which the insured was liable. A passenger who was there injured, sued the taxi company and obtained judgment. Plaintiff defended the suit, paid the judgment and then brought action against the taxi company to recover the amount so paid. The driver of the taxi, although a chauffeur, was only 18 years of age, which was a violation of the 21-year age provision fixed by statute. The terms of the policy did not cover a loss when the automobile was driven by "any person under the age fixed by law for drivers of automobiles." In holding the plaintiff was entitled to recover, the court said: "The evidence shows that the plaintiff investigated the accident. . . . By virtue of the West Virginia endorsement to the policy, the plaintiff was responsible to the injured passenger if the defendant caused her injury, regardless of the breach of the policy by defendant. . . . But the extent of the liability of the insurer was a question of fact for the jury. Consequently plaintiff had the right to assume the defense of the passenger's suit, in order to protect the primary liability to be fastened on it by that suit, and the proper exercise of that right cannot be deemed a waiver of the breach of the policy . . . . As far as the record discloses, this case is therefore a simple one of money paid for the defendant by the plaintiff, for which payment the plaintiff is entitled to reimbursement." In the case at bar there was no need for submitting the measure of damages to a court or jury, since the parties stipulated to the amount, and as the court said in the foregoing case, there remained only the necessity that plaintiff be reimbursed for money paid out on defendant's behalf. Similar results were attained in *Service Mut. Liability Ins. Co. v. Aronof-*

*sky,* 308 Mass. 249, 31 N. E. (2d) 837, and *Fidelity &
Casualty Co. of New York v. Vantaggi,* 300 Mich. 528,
2 N. W. (2d) 490.

One of the arguments advanced by defendant against
the procedure followed by plaintiff in the case at bar
is that it opens the door to fraud, to careless handling
and rich settlement, and that every assured would be
placed in peril unless the damages are first assessed
by a jury. In order to recover, plaintiff was of course
obliged to prove that the settlement was fair, that
defendant was liable to the claimants, and that the
whole transaction was conducted in good faith. De-
fendant stipulated to facts which assume that all these
elements were present in the case at bar, and by waiv-
ing his right to trial by jury he submitted the stipu-
lated facts to the consideration of the court. More-
over, it must be assumed that plaintiff's complaint
states a good cause of action; it was never challenged
by any appropriate motion or pleading, and in fact de-
fendant's answer admitted most of the material allega-
tions of the complaint.

As the result of these considerations we think the
court erred in entering judgment for defendant. The
judgment is therefore reversed, and since the essential
facts are all agreed upon and it will serve no useful
purpose to remand the cause, judgment will be entered
here in favor of plaintiff in the sum of $1,210 and
costs.

*Judgment reversed and judgment here for plaintiff.*
SULLIVAN, P. J., and SCANLAN, J., concur.