**Harold Hilton COTNER, Appellant,**

**v.**

**George Albert GRISSLEY et al., Appellees.**

Court of Appeals of Kentucky.

May 9, 1969.

As Modified on Denial of Rehearing Dec. 5, 1969.

Hanish & Hanish, Louisville, for appellant.

Mayer, Cooper & Kiel, Louisville, for appellees.

OSBORNE, Judge.

The appellant, Harold Hilton Cotner, was struck and injured by a truck in Louisville, Kentucky, on July 28, 1961, while on the premises of the Ohio Valley Bag and Burlap Company, located at 417 East Jefferson Street. The truck which struck appellant was being operated by George Albert Grissley of 320 Court Street, Huntington, Indiana, and was owned by the Stanley Trucking Company, Inc., St. Paul, Minnesota. Appellant instituted suit in the Jefferson Circuit Court for the recovery of damages. Process was served upon George A. Grissley through the Secretary of State. On September 19, 1962, the Jefferson Circuit Court entered judgment for Cotner in the amount of $5000. On July 8, 1963, Grissley filed motion with the court under CR 60.02 to set aside the judgment. Accompanying this motion was his own affidavit in which he alleged that he had due and timely notice of the suit by registered mail; that he contacted his lawyer in Huntington, Indiana and requested him to take proper proceedings to defend the suit and that his lawyer failed to enter his appearance or make defense. No reason is advanced as to why the lawyer failed to perform customary functions in the case. On January 2, 1964, Jefferson Circuit Court overruled the motion to set aside the judgment. On October 7, 1966, the Jefferson Circuit Court by order permitted Cotner to substitute and amend his original complaint and to bring in the Carolina Casualty Company, the appellee in this case. The amended complaint alleged that the Carolina Casualty Company had a policy of liability insurance on the truck in effect at the time Cotner was injured; that an execution against Grissley has been returned endorsed "no property found" and that Grissley is presently insolvent. The amended complaint further alleged that the plaintiff did not have available a copy of the policy of the insurance and requested judgment against the company in the amount of $5000.

To the amended and substituted complaint the Carolina Casualty Company filed its response wherein it set up two defenses:

1. That it received no notice of the accident.

2. That it had no notice of the suit and the papers served upon Grissley were not

forwarded to the company. Carolina Casualty Company filed a copy of the policy along with all endorsements with its answer.

Upon the basis of the answer, the policy and an affidavit of the legal supervisor of the Company, the trial court granted summary judgment in favor of Carolina Casualty. From that order the appellant Cotner has prosecuted this appeal.

In view of our holding in Allen v. Canal Insurance Company, Ky., 433 S.W.2d 352 (1968), we are of the opinion that the record in this case is insufficient to warrant the granting of summary judgment. In Canal we held that the defenses here set up are not available where the insurance policies are filed with the Department of Motor Transportation for the purpose of procuring a permit to do business in the state. The rationale behind that opinion is that the laws and regulations of the Department in effect require compulsory insurance of all public carriers doing business in the state. Under such circumstances the compulsory purpose of this insurance would be thwarted if the insuror is permitted to use these technical defenses, and the law requiring the insurance would be rendered ineffective insofar as it is designed to protect the traveling public. The record in this case is deficient in two respects. First, it does not reveal that the Stanley Trucking Company or Grissley was authorized to carry on the business of a common carrier in the state. Second, it does not show whether the trucking company or Grissley was actually operating as a common carrier either licensed or unlicensed at the time of the accident. The first point we do not believe to be too material. It has been held that where an insuror has issued a policy of the kind required of a licensed carrier it cannot avoid liability in a direct action by the claimant on the grounds that the insured was not licensed to operate in the state at the time of the accident. Equity Mut. Ins. Co. v. Fisher, Ky., 256 S.W.2d 504 (1953); Ster-

ling v. Hartenstein, 185 Kan. 50, 341 P.2d 90 (1959); 12 Couch on Insurance 2d, Unlicensed Carrier, § 45: 871, p. 774.

We believe this rule to be sound. To hold otherwise would be to subject one who had complied with the law to liability and to exonerate the illegal operator.

On the second point the insurance policy and riders attached thereto are sufficient to show that the company was insuring a commercial type truck and that the trucking company was authorized under the policy to operate with an "unlimited" trip radius. Therefore, the company was on notice that the truck might be operated in Kentucky and under the law is presumed to have knowledge of state laws relating to registration and licensing. However, the record simply does not disclose whether the truck was in fact being operated as a licensed or unlicensed common carrier at the time of the injury. This question is placed in issue by the policy which was filed in the record by the defendant. If the truck was being operated as a common carrier by an assured under the insurance policy at the time of the accident, then the judgment most certainly should not have been entered. For the foregoing reasons, this case is remanded to the circuit court for further proceedings consistent with this opinion.

Judgment reversed.

HILL, MILLIKEN, PALMORE and REED, JJ., concur.

STEINFELD, Judge (dissenting).

I distinguish this case from Allen v. Canal Insurance Co., Ky., 433 S.W.2d 352. There the insurance company had notice of the suit for damages and declined to defend while here Carolina Casualty Company knew nothing of the claim or suit until it was called upon to pay the judgment against its insured. It did not have "its day in court". I respectfully dissent.