GREAT AMERICAN INSURANCE COMPANY, Plaintiff-Appellant, *v.* BRAD MOVERS, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 77-1730

Opinion filed October 25, 1978.

Conklin, Leahy & Eisenberg, Ltd., of Chicago (Thomas W. Conklin and Franklin A. Nachman, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Russell C. Grimes, Jr., Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Great American Insurance Company, appeals from the judgment of the circuit court of Cook County granting defendants' motion to dismiss its action for declaratory judgment. Plaintiff sought a determination as to whether it was obligated to defend and pay claims on behalf of its insured, a public warehouse, pursuant to the terms and conditions of a warehouseman's legal liability policy between the parties. The trial court ruled that section 6 of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 124), which requires warehouse operators to file a bond or to obtain insurance covering third-party losses, barred plaintiff from raising the insured's failure to comply with policy provisions as a defense to a third-party claim.

The relevant facts are not in dispute. The Act requires a bond or

insurance as a prerequisite to doing business as a public warehouseman in Illinois. The relevant portion of section 6 provides:

"Any operator may, in lieu of a bond, file with the Department [of Agriculture] a certified copy of a legal liability insurance policy * * * to be approved by the Department, and to contain a loss payable endorsement making such policy payable to the People of the State of Illinois, for the benefit of the owner of any property stored." Ill. Rev. Stat. 1977, ch. 111 2/3, par. 124.

On May 1, 1973, plaintiff entered into an agreement to insure defendant, Brad Movers, Inc., a corporation licensed to operate as a public warehouse in Illinois. The policy issued was on a form prepared by the State Department of Agriculture. The form policy was used by insurers in many instances, but an insurer could also draft its own policy which then would be approved by the Department. The policy contained conditions requiring the insured to notify the company of all claims; to promptly forward demands, notices, summonses and other papers to the insurer; and to cooperate with the insurer in the defense of all claims.

On January 25, 1975, Kristina Patterson, one of the defendants in the present action, filed suit against Brad Movers for the loss, mishandling or destruction of property, and for punitive damages. Patterson obtained a default judgment against Brad Movers for $20,516, but plaintiff did not receive notice of the suit until after the default judgment had been entered. After Patterson initiated garnishment proceedings against plaintiff, it filed the present suit seeking a determination of its obligations under Brad Mover's liability policy. In addition to Brad Movers and Patterson, plaintiff named the Director of the Department of Agriculture and several other third-party claimants as defendants, Specifically, plaintiff sought a declaration that the insured's failure to comply with the notification and cooperation provisions in the policy relieved plaintiff of its obligation to defend any claims against Brad Movers or to satisfy any judgments arising therefrom.

Plaintiff contends that the trial court erred in holding that the defense of the insured's noncompliance with policy conditions was not available in an action by a third-party claimant. Plaintiff maintains that the notice and cooperation conditions in the policy, prepared and approved by the Department of Agriculture under its authority to regulate the operation of public warehouses, have the force and effect of law and may not be abrogated by the courts. Plaintiff argues there is no express language in section 6 which prohibits the enforcement of such conditions against third-party claimants. Plaintiff further urges that the Department is estopped to argue this construction of section 6 since it prepared the form of the policy in which the conditions were included. Plaintiff finally argues that even if the terms of the policy are not considered to be legislative

enactment, the principles of contract law applicable to private contracts mandate that the defense of noncompliance with contract conditions act as a bar to a third-party beneficiary's claim.

Defendants rely primarily upon the public policy underlying section 6 to uphold the action of the trial court. Section 6 reflects a policy which favors protection of the public against the neglect or intentional acts of public warehouse operators. Defendants maintain that this policy is best effectuated by limiting the insurer to an action against the insured for noncompliance with policy conditions, rather than allowing this defense to be asserted against the third party claimant. Defendants contend that the construction placed upon section 6 by the trial court does not abrogate any of the contract conditions, as urged by plaintiff, but merely limits the parties against whom they may be asserted. Defendants maintain that plaintiff's construction of section 6 would produce the anomalous result that members of the public dealing with warehousemen who have chosen to file bonds would be protected under all circumstances, while those dealing with operators who have obtained liability insurance would be forced to rely for protection upon the diligence of the operator in complying with contract conditions.

Defendants further contend that plaintiff's argument based upon estoppel is inapplicable because the Department, by preparing and approving the form of the policy to Brad Movers, did not act in a manner inconsistent with section 6. Defendants maintain that the policy of section 6, favoring protection of property owners, was incorporated into the insurance contract. The notification and cooperation conditions are not in conflict with this policy, but rather are applicable only as between the insurer and the insured. Defendants point out that the insurer is not left without a remedy, but may recover against the insured for breach of contract conditions. Defendants finally contend that the law applicable to private contracts is inapposite here in view of the overriding public policy expressed in section 6.

■■ This case presents a question of first impression in Illinois. We believe the trial court correctly ruled that the insured's noncompliance with policy conditions cannot be raised as a defense to a third-party claim. Any other construction of section 6 would render illusory the protection offered to the public by a warehouse operator's liability insurance.

Although section 6 has not heretofore been construed, a similar issue was presented in *Illinois Casualty Co. v. Krol* (1944), 324 Ill. App. 478, 58 N.E.2d 473. In *Krol*, the insurer issued a policy to defendant pursuant to section 16 of the Illinois Truck Act (Ill. Rev. Stat. 1943, ch. 95½, par. 253), which provided for compulsory insurance for carriers operating trucks on State highways. While driving a company truck, a 17-year-old employee was involved in an accident in which three persons were injured. The

employee was under the age necessary to procure a chauffeur's license. The insurer denied liability on the ground that the policy excluded coverage if the truck was being operated by a person in violation of the law applicable to age or occupation of the driver. The court held that although such defense could be raised against the insured, the policy underlying section 16 mandated that the defense be unavailable in an action by an injured third party:

"As we interpret the statute, the question whether or not Krol's truck was being operated by his son contrary to law * * * becomes immaterial with respect to the claims of the parties injured as the result of the collision, because the statute, as we read it, was a compulsory statute, enacted for the protection of the public, and therefore plaintiff's liability is unaffected by the fact that defendant's conduct at the time of the occurrence excluded him from coverage under the policy." 324 Ill. App. 478, 482.

Similarly, we believe the policy expressed in section 6 makes paramount the protection of members of the public utilizing public warehouses. For this reason, an insured should not be permitted to circumvent this policy by raising contract defenses as a bar to claims by members of the protected class. See *Royal Indemnity Co. v. Olmstead* (9th Cir. 1951), 193 F.2d 451; *Allen v. Canal Insurance Co.* (Ky. App. 1968), 433 S.W.2d 352.

Generally, legislative intent may be ascertained from the language used in the statute as well as the evil to be remedied and the object to be attained. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31.) In enacting section 6, the legislature obviously was concerned with the protection of members of the public dealing with negligent or perhaps unscrupulous warehouse operators. To this end, the Act provided for the filing of either a bond or a liability policy for the benefit of the public. We cannot assume the legislature intended that, in the event of loss, one of these alternate forms of insurance would prove less effective than the other. Such a result would be inconsistent with the forementioned policy in favor of protection of the public. Where the statutory language admits of more than one interpretation, we are bound to choose the interpretation which effectuates rather than frustrates the goal of the statute. *Herrington v. County of Peoria* (1973), 11 Ill. App. 3d 7, 295 N.E.2d 729; *Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189.

■■ ■ We do not believe the Department has taken any action which would estop it from taking the position that the violation of contract conditions cannot be raised as a bar to a third-party claim. The Department has not contended that the notice and cooperation conditions contained in the policy prepared by it are invalid. Rather, it maintains that the conditions are effective and enforceable, by only as between the

insurer and the insured. Such contention is compatible with the policy expressed in section 6 which was incorporated into the contract under the rule that the law existing at the time and place of the making of the contract is deemed a part of that contract. (*Goble v. Central Security Mutual Insurance Co.* (1970), 125 Ill. App. 2d 298, 260 N.E.2d 860.) Since section 6 was enacted for protection of the public, any conditions in the contract which would defeat that purpose, although effective as between insurer and insured, cannot be asserted against third-party claims.

Plaintiff's argument based upon the law of private contracts is also inapplicable. While the rights of the insurer, vis-a-vis the insured, are governed by the terms of the contract, the claimants here are statutory beneficiaries whose rights cannot be defeated by the terms of a contract to which they are not parties.

■■ Plaintiff further contends that if the trial court's construction of section 6 is upheld, it constitutes a denial of due process in that plaintiff is subjected to liability to a third party without notice and an opportunity to be heard. This argument overlooks the fact that plaintiff voluntarily undertook to insure Brad Movers against legal liability arising out of operation of a public warehouse. Section 6 renders protection of the public paramount to any contract defenses the insurer may have against the insured. The fact that plaintiff misapprehended the import of section 6 cannot be made the basis of a claim of due process denial. Moreover, as we have noted, plaintiff is not left without a remedy, but must enforce its rights under the contract against the insured rather than a third-party claimant.

Plaintiff finally contends that section 6 constitutes special legislation in violation of the State and Federal constitutions. Plaintiff reasons that other businesses which handle property of the public are not subject to compulsory surety bond or insurance requirements and, therefore, the imposition of this requirement upon public warehouse operators is discriminatory and without rational basis.

■■ A classification will not be deemed arbitrary " 'if any state of fact can reasonably be conceived that would sustain it.' " There are risks inherent in the operation of a public warehouse which justify the imposition of a compulsory insurance requirement. The means chosen bear a rational relation to the statutory purpose of protecting the public dealing with warehouse operators. Plaintiff has not shown that section 6 constitutes an arbitrary or unreasonable classification.

For the reasons stated, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.