MARGARET JOHNSON, Adm'r of the Estate of Lincoln W. Mills, Deceased, Plaintiff-Appellee, v. R & D ENTERPRISES, Defendant.—(CAROLINA CASUALTY INSURANCE CO., Garnishee-Appellant.)

First District (3rd Division)    No. 80-2600

Opinion filed April 28, 1982.

Jacobs, Williams & Montgomery, Ltd., of Chicago (John D. Daniels and Barry L. Kroll, of counsel), for appellant.

Robert G. Peterson & Associates, of Chicago (Robert G. Peterson and Michael R. Alberts, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Appellee, Margaret Johnson, administrator of the estate of Lincoln W. Mills, deceased, obtained a default judgment against R&D Enterprises, a Georgia corporation (R & D). Appellee then brought a garnishment action against Carolina Casualty (Carolina), the insurer of R&D. The trial court held Carolina liable under the policy despite the fact that R&D had breached certain policy conditions.

Carolina appeals from that judgment raising the following issues for our review: (1) whether an insurer is liable under a policy to a judgment creditor where the insured, the judgment debtor, breached the conditions of the insurance policy; (2) whether Illinois law or public policy bars insurer from asserting insured's breach of policy conditions as a defense in the garnishment proceedings instituted by judgment creditor; (3) whether a garnishment action was the proper method of recovery under the facts of this case. We will address these issues in the order presented.

Lincoln Mills was killed as a result of an accident that occurred on the Dan Ryan Expressway in Chicago on July 20, 1973, and involved a car driven by Mills and a truck owned by R&D. On August 5, 1974, appellee, as administrator of the estate of Lincoln W. Mills, filed a personal injury lawsuit seeking damages arising out of the accident. R&D was served by substituted service on the Illinois Secretary of State (Ill. Rev. Stat. 1973, ch. 95½, par. 10—301) and a copy of the complaint and summons was mailed to R&D by certified mail. On September 9, 1975, a default judgment in the sum of $12,500 was entered in favor of appellee and against R&D.

Appellee then instituted garnishment proceedings against appellant

Carolina. The receipt of garnishment papers was the first notice that Carolina had of this entire matter. Carolina answered, denying having in its possession any funds or assets of R&D due to R&D's breach of certain policy conditions which required R&D to (a) give written notice to Carolina when an accident occurs, (b) notify Carolina if a claim is made or suit brought, and (c) cooperate with Carolina in the conduct of suits. Additionally, the policy provided that "no action shall lie against the company unless as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy."

In the garnishment proceeding the trial court found that: (1) the commercial insurance policy issued by Carolina to R&D was in force and effect at the time of the occurrence; (2) the policy was issued by a company licensed to do business in Illinois, but it was not certified to the State; and (3) R&D failed to cooperate in the defense of the suit and failed to give the insurance company notice of the occurrence to the prejudice of the company.

Carolina first contends that as an insurer it is not obliged to provide indemnification to an insured nor pay a judgment rendered against an insured where there has been a prejudicial noncompliance with the conditions of the insurance policy. (*M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 363 N.E.2d 809.) In such circumstances, it is argued, those defenses which the insurer has against the insured are also available against an injured third party seeking recovery under the policy. (*Gallaway v. Schied* (1966), 73 Ill. App. 2d 116, 219 N.E.2d 718.) This is the law in Illinois absent some provision of the law which bars the insurer from raising those defenses.

Here it is uncontested that R&D did breach the conditions of the policy in question, and the trial court found that this was to the prejudice of Carolina. However, in finding for the appellee the trial court ruled that the policy defenses available to Carolina are enforceable only against R&D, the insured, and not against an injured third party as a matter of public policy. Appellant contends this was error and that neither law nor public policy of Illinois bars the insurer from asserting its defenses against the insured's judgment creditors.

The Illinois Motor Carrier of Property Law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—701), entitled, "Security for the protection of the public," provides:

"No motor carrier of property shall operate any motor vehicle for which a certificate or permit is required by this Chapter unless it has on file with the Commission and in effect good and sufficient indemnity bonds or insurance policies * * * executed by a surety, indemnity or insurance company authorized under the laws of this State to transact such business within this State."

Essentially, this statute makes it compulsory for all common carriers of property to file a bond or a certificate of insurance with the Illinois Commerce Commission. The purpose behind this requirement is indicated by the heading of the paragraph "Security for the protection of the public." In *Illinois Casualty Co. v. Krol* (1944), 324 Ill. App. 478, 58 N.E.2d 473, a case decided under the Illinois Truck Act which preceded the Illinois Motor Carrier of Property Law, the court reasoned that the purpose of a compulsory insurance requirement for common carriers was to provide for the protection of the general public. To implement that policy, *Krol* held that while an insurer could raise policy defenses against its insured, such defenses were unavailable in an action brought by an injured third party. The court stated:

> "We think it is a fair construction of the statute to hold that one of the compelling reasons for enacting the Illinois Truck Act was the necessity of more stringent regulations for the protection of the general public in the use of highways; that one of the methods of effecting this purpose, as adopted by the legislature, is to require the operator of trucks to carry a policy of insurance indemnifying him from his liability, * * * such insurance is for the protection of the public, and therefore policy defenses which may be good as against the insured, do not relieve the insurance carrier of its liability to parties injured in their persons or property by reason of the insured's unlawful operation of its trucks." (324 Ill. App. 478, 482.)

The Motor Carrier of Property Law includes substantially the same subject matter as the Truck Act; we find, therefore, the holding in *Krol* relevant to the issue before us.

The policy behind the Motor Carrier of Property Law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—701) makes paramount the protection of the public in the use of the highways. To relieve California of liability in this case and, thereby, deprive an innocent third party of recovery would thwart the purpose behind the requirement of compulsory insurance.

Other portions of section 18—701 of the Illinois Motor Carrier of Property Law read:

> "Every motor carrier of property, except as hereinafter provided, shall file with the Commission and have in effect an indemnity bond or insurance policy (or certificates of bonds or insurance in lieu thereof) which shall indemnify or insure the carrier for its liability, in the case of each motor vehicle operated or to be operated by the carrier in the amount of not less than * * *."

Appellant argues that because the policy was not so filed, Illinois statutory law is not applicable to the policy in question. The trial court held that the policy need not be filed with the State for coverage to be

effective within the State. We agree. R&D's failure to comply with Illinois law should not relieve Carolina of its liability to third parties who seek to recover under the policy.

In a case similar to the one at bar, *Cotner v. Grissley* (Ky. 1969), 447 S.W.2d 603, 605, the court held that where "an insurer has issued a policy of the kind required of a licensed carrier it cannot avoid liability in a direct action by the claimant on the grounds that the insured was not licensed to operate in the state at the time of the accident." The court gave this rationale for its holding:

> "We believe this rule to be sound. To hold otherwise would be to subject one who had complied with the law to liability and to exonerate the illegal operator." (447 S.W.2d 603, 605.)

The *Cotner* court further stated that since the trucking company was authorized under the policy to operate with an unlimited trip radius, "the company was on notice that the truck might be operated in [another State] and under the law is presumed to have knowledge of state laws relating to registration and licensing."

■■ ■ We find *Cotner* instructive in deciding the instant case. Here, appellant issued a commercial policy to R&D with an unlimited trip radius in the United States and Canada. By the very terms of the policy, appellant was on notice that R&D might operate its trucks in Illinois and, as in *Cotner*, would be presumed to have knowledge of the laws of Illinois. Accordingly, we apply Illinois law as set forth in *Krol* and hold appellant, Carolina, liable to appellee, regardless of R&D's breach of policy conditions.[1]

Carolina also contends that it was error for the trial court to allow appellee to recover in a garnishment action. "The general rule in garnishment is that a claim asserted by a judgment creditor against a garnishee must be one which the judgment debtor himself could have maintained." (*Hunter Manufacturing Inc. v. Hines* (1979), 76 Ill. App. 3d 664, 395 N.E.2d 186.) Therefore, where an insured has breached policy conditions, a garnishment action generally will not lie. (*Patton v. Washington Insurance Exchange and Suburban Auto Insurance Co.* (1937), 288 Ill. App. 594, 6 N.E.2d 472.) Relying on this general rule Carolina maintains that since it has no obligation to R&D, because of R&D's breach of policy conditions, appellee should be precluded from bringing a garnishment action against Carolina.

---

[1] It should be noted that appellant is not left without a remedy. Under a policy of insurance issued pursuant to a compulsory insurance statute, the insurer, although not relieved of liability to a third party claimant, may seek reimbursement from the insured for its breach of policy conditions. (324 Ill. App. 478, 486; *Great American Insurance Co. v. Brad Movers, Inc.* (1978), 65 Ill. App. 3d 357, 362, 382 N.E.2d 623.) Therefore, although appellant remains liable under the policy to appellee, it may enforce its rights under the policy and seek reimbursement from R&D.

■■ This general rule, however, does not apply to the case at bar. *Roberts v. Central Mutual Insurance Co.* (1936), 285 Ill. App. 408, 2 N.E.2d 132, is instructive. *Roberts* involved the bringing of a creditor's bill, a proceeding analogous to garnishment because as a general rule, each is brought for the purpose of reaching, in the hands of a third party, money due and owing from judgment debtor to judgment creditor. (*Fidelity Coal Co. v. Alfred Diamond and Mutual Life Insurance Co.* (1944), 322 Ill. App. 229, 54 N.E.2d 240.) An action in the nature of a creditor's bill is also similar to garnishment because in both actions the judgment creditor has no greater rights to the property in issue than the judgment debtor. (*Schaeffer v. Zaltsman* (1975), 29 Ill. App. 3d 1011, 1014, 331 N.E.2d 212.) In *Roberts* the insured taxi cab company had filed a bond pursuant to a compulsory insurance statute. Although the insured had breached certain policy conditions, a judgment creditor of the insured was allowed to bring a creditor's bill against the insurer. There, the court reasoned that because the bond was intended for the protection of the public, an injured third party holding a judgment against the insurer could "file a creditor's bill against the insurer and in those cases, it is held that the judgment is conclusive against the insurer." 285 Ill. App. 408, 411.

Similarly, in the case at bar, Carolina's liability to appellee is predicated upon the public policy of Illinois to protect the public in its use of the highways. Here, as in *Roberts*, in order to uphold public policy the trial court properly allowed appellee recovery in garnishment despite the insured's breach of certain policy conditions.

Moreover, other courts have allowed a judgment creditor to garnish an insurer even though the insured had breached policy conditions. (See *Pawlik v. Nichols* (E.D. Ill. 1961), 195 F. Supp. 735, *aff'd* (7th Cir. 1962), 302 F.2d 255; *Sandoval v. Chenoweth* (1967), 102 Ariz. 241, 428 P.2d 98.) In *Pawlik* the insurance policy contained an endorsement creating liability under the Illinois Truck Act and specifically provided that violations of the policy by the insured would not relieve the insurer of liability to judgment creditors. There, the court concluded that the insured's breach of the provisions of the policy did not affect the right of the judgment creditor to recover under the endorsement and, therefore, a garnishment action was proper. *Pawlik* is relevant to the case at bar because in both instances the insurer, precluded from asserting the insured's breach as a defense, was liable under the policy. As a result, the assets of that policy would be available to a judgment creditor who garnished the insurer. In *Sandoval* the insurer had issued an insurance policy pursuant to the financial responsibility laws of Arizona and in order to promote the public policy behind those laws, the court precluded the insurer from asserting the insured's breach of policy conditions as a defense to their liability. Once the court found the insurer liable under the policy it went on to

502

state: "[i]t seems to be settled that after recovering a judgment against an insured under a liability policy, the injured third person may collect such judgment by instituting garnishment proceedings against the liability insurer." (See also 22A Appleman, Insurance Law & Practice §14565 (rev. ed. 1979).) Similarly, in *Dairyland Mutual Insurance Co. v. Andersen* (1967), 102 Ariz. 515, 433 P.2d 963, in order to uphold public policy behind the State's financial responsibility laws, once the insurer was found liable under a policy, the court allowed a judgment creditor to sue in garnishment despite the fact that the insurer was not indebted to the insured who had breached "illegal" policy conditions.

We hold that Carolina is liable to appellee under the policy it issued to R&D. To allow Carolina now to assert its nonliability to the insured as a defense to appellee's recovery in garnishment would be to promote form over substance and thereby thwart the public policy behind the Illinois Motor Carrier of Property Law. Therefore, we also hold that the trial court properly allowed appellee to recover in garnishment.

For the aforementioned reasons the judgment of the circuit court is affirmed.

Affirmed.

McGILLICUDDY and RIZZI, JJ., concur.