(853 P.2d 80)
No. 68,488

ROBIN C. OVERBAUGH, *Plaintiff*, v. JAMES W. STRANGE, *Defendant/Appellee*, and KANSAS CITY POWER & LIGHT COMPANY, *Defendant/Appellant*.

Opinion filed May 28, 1993.

*Michael A. Rump*, of Kansas City Power & Light Company, of Kansas City, Missouri, for appellant.

*William O. Isenhour, Jr., Kenneth P. Soden*, and *John M. Cox*, of Soden & Isenhour, P.A., of Mission, for appellee.

*J. Nick Badgerow*, of Spencer Fane Britt & Browne, of Overland Park, for *amicus curiae* Kansas Association of Defense Counsel.

Before ELLIOTT, P.J., RULON and PIERRON, JJ.

ELLIOTT, J.: This case involves a dispute between codefendants. James Strange was employed by Kansas City Power & Light Company (KCPL). KCPL owned the vehicle Strange was driving when he was involved in an accident, and KCPL was self-insured at the time of the accident. The trial court awarded summary judgment, holding that Strange was acting within the scope of his employment and that KCPL had a duty to defend Strange and to pay attorney fees incurred by Strange.

We reverse.

Strange, while driving a KCPL vehicle, had an accident with plaintiff Robin C. Overbaugh, following which Strange was arrested for driving while under the influence. Strange was later discharged from his employment. KCPL settled with plaintiff,

and the only remaining issue is KCPL's obligation to defend its former employee.

Initially, Strange argues we lack jurisdiction because KCPL did not timely file its notice of appeal. Strange filed an earlier motion to dismiss on jurisdictional grounds, which we denied.

The final judgment in this case was filed on July 23, 1992. At that time, two journal entries were filed: One dismissed all claims except the issue of KCPL's duty to defend and pay Strange's attorney fees, and the other fixed the amount of those fees and denied KCPL's motion for reconsideration. KCPL filed its notice of appeal on July 28, 1992, well within the period provided by K.S.A. 1992 Supp. 60-2103.

Strange also argues KCPL has acquiesced in the trial court's order with respect to the duty to defend. We disagree.

After the trial court's ruling that KCPL had a duty to defend Strange, counsel for KCPL entered his appearance for Strange. But, KCPL notified Strange and his personal attorney that this was being done because of the trial court's order and that KCPL was reserving the right to appeal the trial court's ruling, if necessary.

The above facts do not equal acquiescence. An insurer, and therefore a self-insurer, may assume the defense of an insured under a reservation of rights and later appeal coverage and duty to defend issues. See *Henry v. Johnson,* 191 Kan. 369, 376, 381 P.2d 538 (1963).

KCPL is a Missouri corporation and has certificates of self-insurance in both Missouri and Kansas. The accident occurred in Kansas and the parties are thus subject to the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.* See *Mayer v. Harris,* 224 Kan. 231, Syl. ¶ 1, 579 P.2d 715 (1978).

Our review of the trial court's conclusion of law is plenary. *Hutchinson Nat'l Bank & Trust Co. v. Brown,* 12 Kan. App. 2d 673, 674, 753 P.3d 1299, *rev. denied* 243 Kan. 778 (1988).

Strange acknowledges there is no express contract between him and KCPL imposing a duty to defend; he argues the duty to defend is imposed by operation of law.

Self-insurers must comply with the provisions of K.S.A. 40-3107. See K.S.A. 40-3106.

K.S.A. 40-3107 provides:

"Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall: . . . (b) insure the person named and any other person, as insured, using any such vehicle with the expressed or implied consent of such named insured, *against loss from the liability imposed by law for damages arising out of ownership, maintenance or use of any such vehicle* within the United States of America or the Dominion of Canada, subject to the limits stated in such policy." (Emphasis added.)

Strange claims that the mandate to insure against loss from liability imposed for damages includes attorney fees and a duty to defend. In support, Strange relies on *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974), and *Spruill Motors, Inc. v. Universal Underwriters Ins. Co.,* 212 Kan. 681, 512 P.2d 403 (1973). Those cases can be cited for the proposition that where there is coverage, there is a duty to defend. But in both cases, the insurance *contract* specifically provided for payment of damages *and* a duty to defend the insured.

The duty to defend is not imposed by operation of law—it is imposed by agreement. *Glenn v. Fleming,* 247 Kan. 296, 312, 799 P.2d 79 (1990).

Bluntly put, no such language is to be found in K.S.A. 40-3107(b). If Strange were correct, the obligation to pay "damages" would include not only an obligation to pay Strange's attorney fees, but also must include an obligation to pay plaintiff's attorney fees as well. Such is not and ought not be the law.

As a self-insurer, KCPL's obligations are not necessarily the same as a regular insurance company. The certificate of self-insurance is not a motor vehicle liability policy. See *Glens Falls Ins. Co. v. Consolidated Freightways,* 242 Cal. App. 2d 774, 51 Cal. Rptr. 789 (1966).

Further, K.S.A. 1992 Supp. 40-3104(f) defines the responsibilities of a self-insurer. That statute provides that KCPL, if it has more than 25 vehicles registered in its name in Kansas, may qualify as a self-insurer. To do so, the insurance commissioner must be satisfied that KCPL is possessed of the ability to pay any judgment obtained against "such person" (KCPL) arising out of the use of a KCPL-owned vehicle. Failure to pay a judgment against KCPL as self-insurer within 30 days is grounds for cancellation of the certificate of self-insurance.

In other words, KCPL had no obligation to pay any judgment against Strange. It was obligated only to pay a judgment against itself. Since KCPL had no obligation to pay a judgment against Strange, we fail to see how it could have a duty to defend Strange against a judgment for which it was not responsible.

In Kansas, there is no statutory requirement for an insurance company to provide a defense for its insured. The duty to defend is provided contractually. Accordingly, while a self-insurer is required to pay damages, it is under no obligation, absent private contract, to defend its employees.

Since KCPL had no duty to defend Strange, it must follow that it is not responsible for Strange's attorney fees.

Reversed.