CHRISTY HUFF *et al.*, Plaintiffs-Appellants, v. ENTERPRISE RENT-A-CAR COMPANY, MIDWEST, Defendant-Appellee.

Fourth District   No. 4—99—0004

Argued July 20, 1999.—Opinion filed September 28, 1999.

Gary L. Clark (argued), of Law Offices of Frederic W. Nessler & Associates, of Peoria, for appellants.

Matthew J. Maddox and William P. Hardy (argued), both of Hinshaw & Culbertson, of Springfield, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant, Enterprise Rent-A-Car Company (Enterprise), is a self-insured rental car company. On April 14, 1996, Brian Page was involved in an accident while driving an Enterprise rental car. Two passengers, plaintiffs Christy Huff and Tiffany Lufkin, were injured in the accident. Huff and Lufkin filed suit against Page, and on March 4, 1997, a $400,000 default judgment was entered in their favor. Huff and Lufkin now seek to enforce that judgment against Enterprise. Enterprise argues it is relieved of any liability to Huff and Lufkin because it was not given notice of the suit against Page until after a default judgment was entered against him. Huff and Lufkin appeal the trial court's November 20, 1997, decision to grant Enterprise summary judgment. We affirm.

Enterprise is a rental car company that has filed a certificate of self-insurance with the Illinois Secretary of State to comply with its duty under the Illinois Vehicle Code (Code) to provide proof of its financial responsibility (625 ILCS 5/9—101, 9—102 (West 1996)). On April 14, 1996, Page drove a car rented from Enterprise. Enterprise offered Page the option of purchasing personal accident insurance and supplemental liability protection or of presenting proof he was covered by his own insurer. Page provided proof of coverage and did not buy the supplemental protection. The rental contract provided, "[O]wners' financial responsibility is expressly limited to those applicable provisions of the Motor Vehicle Financial Responsibility laws of the state in which the vehicle is operating."

On the above date, Page was involved in an accident resulting in injuries to two passengers, plaintiffs Huff and Lufkin. On December 4, 1996, Huff and Lufkin filed suit against Page, and on March 4, 1997, a default judgment was entered against him, awarding Huff $150,000 and Lufkin $250,000. On May 27, 1997, Huff and Lufkin filed a complaint against Enterprise, seeking to hold it liable on the default judgment under the Code.

On November 20, 1997, Huff and Lufkin filed a motion for summary judgment. On January 9, 1998, Enterprise filed a response arguing Page failed to give it notice of the suit, and the rental contract between Enterprise and Page indicated Page opted not to purchase optional supplemental liability protection. Finally, Enterprise argued any liability would be limited to $50,000 per claim and $100,000 per occurrence, the minimum coverage required by the Code when a rental car provider provides an insurance policy as proof of financial responsibility (625 ILCS 5/9—105 (West 1996)). Enterprise then filed affidavits indicating it had not received notice of the suit against Page.

On February 2, 1998, the trial court denied plaintiffs' motion for

summary judgment. On March 3, 1998, plaintiffs moved to reconsider the denial of summary judgment and for judgment on the pleadings. On April 21, 1998, this motion was denied.

On March 18, 1998, Enterprise filed a counterclaim and third-party complaint against Page seeking declaratory judgment that it was not obligated to satisfy the damage awards to Huff and Lufkin because it had not been given notice of the suit against Page. On May 6, 1998, Page filed a *pro se* answer stating he contacted Gary L. Clark, Frederic Nessler & Associates, attorney for plaintiffs Huff and Lufkin, who told him to send him a signed letter stating Enterprise was responsible and that Clark would forward the letter to Enterprise. Page indicated he followed these instructions. Page also indicated he informed Enterprise that he had wrecked its car.

On June 16, 1998, Enterprise filed a request for Page to admit that Huff was his girlfriend at the time of the accident and is the mother of his child. Enterprise requested Page to admit Clark told him to send him a note requesting Enterprise to defend Page in the suit, and Page did so. Enterprise requested Page to admit he never directly sent Enterprise a copy of the summons and complaint in the suit against him and he never directly informed Enterprise of the suit. Page did not respond to the request to admit.

On September 4, 1998, Enterprise filed a motion for summary judgment because it had not been given notice of the suit against Page. Attached to the motion were the affidavits indicating no notice was received, the rental contract, the third-party complaint against Page, Page's answer, the request for Page to admit facts, and a transcript of a deposition of Huff.

In her deposition, Huff stated she has lived with Page intermittently since March 1994, and he is the father of one of her children. Huff stated she and Lufkin were riding in the rental car at the time of the accident. Huff did not recall having any discussions with anyone after the accident who stated he or she was working for or representing Enterprise. Huff and Page were not living together or communicating with each other in December 1996. Huff knew Page wrote a letter to Enterprise and gave it to Clark. Huff identified the unsigned letter, which stated:

"Dear Enterprise,

I feel that it is your responsibility to pay this bill.

Thank you."

Huff did not know of any other effort by Page to tell Enterprise he had been in an accident or of the suit against him. She had not spoken with Page about whether he told Enterprise of the suit.

On October 13, 1998, Huff and Lufkin filed a motion for summary

judgment, arguing Enterprise was given notice, no notice was required, and Enterprise was obligated by the certificate of self-insurance to satisfy the default judgment. Attached to the motion was an affidavit from Arlene Raymer, Clark's legal secretary, stating Clark sent the summons and complaint and Page's hand-printed note to Enterprise. The affidavit identified a copy of the letter and the envelope addressed to Enterprise. The envelope has a date stamp, from Clark's postage meter, of January 6, 1997. Also attached to the motion was an affidavit from Clark stating he told Page to send him a short note addressed to Enterprise with the summons and complaint, and he would forward it to Enterprise. Clark stated he received these materials from Page and forwarded them.

Attached to the motion for summary judgment were notices of attorney liens sent by Clark on behalf of Huff and Lufkin to Enterprise on April 14, 1996. Also included was a May 20, 1996, request from a claims representative at Fireman's Risk Management Services (Fireman), an agent of Enterprise, to take a statement of plaintiffs. Also attached was a July 31, 1996, letter from a Fireman's claim representative stating no voluntary payment would be made on plaintiffs' claim because Page did not purchase supplemental coverage and was intoxicated at the time of the accident, in violation of the rental contract.

On October 15, 1998, Enterprise filed a response to the motion for summary judgment, arguing, in pertinent part, an evidentiary hearing was necessary to determine whether notice was given. On November 20, 1998, the trial court held an evidentiary hearing on the issue of notice, and the trial court heard testimony from Raymer and employees of Enterprise.

■ The trial court granted Enterprise's motion for summary judgment, ruling notice of the suit against Page was required by the policy and it was not given. Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1996). This court reviews an order granting summary judgment *de novo*. *T.F. v. Ghibellini*, 289 Ill. App. 3d 824, 826, 683 N.E.2d 1250, 1252 (1997).

■ The trial court conducted an evidentiary hearing before granting Enterprise's motion for summary judgment. Although section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 1996)) does not provide for an evidentiary hearing, any error by the trial court in conducting an evidentiary hearing was not raised in plaintiffs' initial brief and is therefore waived on appeal (177 Ill. 2d R. 341(e)(7)). We also note that no jury demand was filed by either party and neither party suggests additional evidence can be presented as a question of fact for determination by the trial court.

■ The Code requires all owners of for-rent motor vehicles to give proof of financial responsibility. 625 ILCS 5/9—101 (West 1996). An owner can comply with this requirement by filing with the Secretary of State a bond, proof of insurance, or a certificate of self-insurance. 625 ILCS 5/9—102 (West 1996). Enterprise filed a certificate of self-insurance.

To obtain a certificate of self-insurance, an owner must satisfy the Illinois Department of Insurance that he is able and will continue to be able to pay a judgment obtained against him. Failure to pay a judgment is grounds for revocation of the certificate. 625 ILCS 5/7—502 (West 1996). Enterprise does not dispute that an injured party may sue a self-insured rental car owner for failure to pay a judgment obtained against the driver. *Cf. Hertz Corp. v. Garrott*, 238 Ill. App. 3d 231, 239, 606 N.E.2d 219, 224 (1992); but see *Overbaugh v. Strange*, 18 Kan. App. 2d 365, 366-67, 853 P.2d 80, 82 (1993) (company's duty to defend an employee driving a self-insured company vehicle), *modified on other grounds*, 254 Kan. 605, 867 P.2d 1016 (1994); *Kiernan v. Agency Rent A Car, Inc.*, 940 F.2d 917, 919 (4th Cir. 1991). For purposes of this appeal, we assume, without deciding, that this is true.

The primary issue on appeal is whether Enterprise was required to be given notice of the suit against Page before a default judgment was entered against him. The parties agree that Page's rental contract required him to give notice to Enterprise of suits against him. However, plaintiffs argue the financial responsibility provisions of the Code do not allow Enterprise to assert failure to give notice as a defense against someone other than Page.

■ A provision in a bond or insurance policy, mandated by a financial responsibility law, that conflicts with that law is void and the statute controls. *American Country Insurance Co. v. Wilcoxon*, 127 Ill. 2d 230, 241, 537 N.E.2d 284, 289 (1989). Similarly, a provision in a car rental agreement that conflicts with the owner's obligation under a financial responsibility law to provide insurance is void. See *Hertz*, 238 Ill. App. 3d at 238, 606 N.E.2d at 223. Here no issue is raised whether Page had insurance that met the minimum financial responsibility law requirements.

■ An analogous situation occurs when an insurer seeks to avoid liability to an injured third party because the insured has failed to comply with the notice provisions of the insurance policy. As a general rule, an insurer is not liable under a policy to its insured or to an insured's judgment creditor unless the insured complies with the notice-of-suit condition in the automobile insurance policy. *Mitchell v. Tatum*, 104 Ill. App. 3d 986, 989, 433 N.E.2d 978, 981 (1982).

However, when the policy is issued pursuant to a financial

responsibility law intended to benefit the public, several cases have held the insurer's policy defenses against the insured cannot be raised against an innocent third party. See *Johnson v. R&D Enterprises*, 106 Ill. App. 3d 496, 501, 435 N.E.2d 1233, 1236 (1982). The failure of either the insured or the injured third party to give notice of suit, as required by the policy, does not bar the third party from recovering from the insurer, even if a default judgment is entered against the insured before the insurer knows of the suit. See *Great American Insurance Co. v. Brad Movers, Inc.*, 65 Ill. App. 3d 357, 360-61, 382 N.E.2d 623, 626 (1978) (the insured's noncompliance with policy conditions cannot be raised as a defense to a third-party claim). These principles have been applied to rental contracts such as the one at issue here. See *Hertz*, 238 Ill. App. 3d at 239, 606 N.E.2d at 224.

It is consistent with the policies behind the financial responsibility laws to bar an insurer from asserting most policy defenses against an innocent third party. However, the notice requirement is a minimal one. Here, the injured party knew the identity of the insurer and had been negotiating with the insurer prior to filing suit (plaintiffs' attorney lien notices of May 10, 1996, and June 10, 1996, requesting a response from Enterprise; Enterprise responses of May 20, 1996, and July 31, 1996, and attorney Clark's affidavit stating he "attempted to negotiate a settlement *** prior to filing suit"). Clark provides no rationale for not giving Enterprise notice of the suit other than that it would not have been in the best interest of his client to do so.

However, upon this record, we need not decide whether third-party plaintiffs generally have a duty to give an insurer notice of suit when they attempt to recover under coverage mandated by statute. Most of the cases cited by the plaintiffs for the rule in *Johnson* involve breach of the policy or other misconduct by the insured. See *Johnson*, 106 Ill. App. 3d at 498, 435 N.E.2d at 1234; *Great American*, 65 Ill. App. 3d at 359-60, 382 N.E.2d at 625-26; *Illinois Casualty Co. v. Krol*, 324 Ill. App. 478, 479-80, 58 N.E.2d 473, 474-75 (1944). The primary issue here is the conduct of the injured third party.

The rule from *Johnson* is limited. *Johnson* stated that to relieve the insurer of liability due to the insured's breach of policy, and "thereby[ ] deprive an *innocent third party* of recovery[,] would thwart the purpose behind the requirement of compulsory insurance." (Emphasis added.) *Johnson*, 106 Ill. App. 3d at 499, 435 N.E.2d at 1235. Several other states have recognized an exception excusing an insurer from liability to a third party under a clause requiring notice of the suit or cooperation of the insured, when the insured and the third party have engaged in fraud or collusion. See *National Indemnity Co. v. Simmons*, 230 Md. 234, 243, 186 A.2d 595, 600 (App. 1962) (in

*dicta*); *Strickland v. Hughes*, 273 N.C. 481, 487, 160 S.E.2d 313, 317 (1968); *Futch v. Fidelity & Casualty Co.*, 246 La. 688, 700, 166 So. 2d 274, 278 (1964); *Indemnity Insurance Co. of North America v. Lee*, 232 Ky. 556, ___, 24 S.W.2d 278, 279 (App. 1930); 7A Am. Jur. 2d *Automobile Insurance* § 581, at 419 (1997). Under that exception, liability will not be recognized, even if the injured third party would normally be protected from the insurer's defenses against the insured by a financial responsibility law. See *National Indemnity*, 230 Md. at 243, 186 A.2d at 600.

Plaintiffs cite *Roberts v. Central Mutual Insurance Co.*, 285 Ill. App. 408, 2 N.E.2d 132 (1936), in which an insurer was not allowed to raise the insured's collusion with the injured third party as a defense to avoid paying on a bond required by a financial responsibility statute. *Roberts* focused primarily on the misconduct of the insured, and nothing in that opinion suggests the misconduct by the injured third party was an issue.

■ In this case the parties agree Clark told Page he would forward the notice of suit to Enterprise. By doing so, Clark, representing plaintiffs, assumed a duty to ensure it was received by Enterprise. Policy defenses normally cannot be asserted against injured third parties because the rights of the insurer, vis-à-vis the insured, are governed by the terms of the contract, while injured third parties are statutory beneficiaries whose rights cannot be defeated by the terms of a contract to which they are not parties. *Great American*, 65 Ill. App. 3d at 362, 382 N.E.2d at 627. In this case, Clark voluntarily interjected himself, and the plaintiffs' interests, into the relationship between Page and Enterprise by agreeing to forward notice of the suit to Enterprise.

We hold that when an injured third party agrees to forward the insured's notice of suit to the insurer, he subjects himself to the insured's policy defense of failure to give notice of suit, notwithstanding any financial responsibility law that would normally protect him from this defense. In this case, Clark, as plaintiffs' representative, agreed with Page, the insured, to give notice of suit to Enterprise, who was acting as a self-insurer.

We do not decide whether the trial court correctly decided that no genuine issue of material fact existed as to whether Enterprise received notice. Plaintiffs failed to raise this issue in their initial brief on appeal and have therefore waived it. 177 Ill. 2d R. 341(e)(7).

For all of the above reasons, we affirm.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.