**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT of HIGHWAYS, Appellant,**

v.

**G.L.G., INC., Mary L. Taylor and Gilbert Wesley Hodge, Co–Administrators of the Estate of Earl W. Hodge, Deceased, Appellees.**

No. 95–SC–1052–DG.

Supreme Court of Kentucky.

Jan. 30, 1997.

John B. Baughman, Holland B. Spade, Hazelrigg & Cox, Frankfort, for appellant.

Philip E. Wilson, Lexington, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a summary judgment entered by the circuit court in favor of the Transportation Cabinet in an action enforcing the removal of a billboard erected by G.L.G., Inc., adjacent to Interstate 75 in Laurel County. The Court of Appeals reversed on the basis that material questions of fact exist which make summary judgment inappropriate.

The principal issue in this case is whether the billboard in question falls within the exception found in KRS 177.860(4), which provides:

> The commissioner of highways shall prescribe by regulations reasonable standards for the advertising devices hereinafter enumerated, designed to protect the safety of and to guide the users of the highways and otherwise to achieve the objectives set forth in KRS 177.850, and the erection and maintenance of any of the following advertising devices, if they comply with such regulations, shall not be deemed a violation of KRS 177.830 to 177.890:
>
> \* \* \* \* \* \*
>
> (4) Advertising devices which otherwise comply with the applicable zoning ordinances and regulations of any county or city, and which are to be located in a commercially or industrially developed area, in which the commissioner of highways determines, in exercise of his sound discretion, that the location of such advertising devices is compatible with the safety and convenience of the traveling public.

It is undisputed that the billboard, located within 660 feet of the interstate highway, is illegal and prohibited by KRS 177.841, unless the sign comes within one of the exceptions provided in KRS 177.860. It is also undisputed that the sign is located in an unzoned area which has some industrial and commercial development. The Transportation Cabinet regulations in effect when the sign application was filed require that unless a sign was an "on premises" sign relating to a business being conducted on the same property, the sign must be in an area which was zoned commercial or industrial. Consequently, the Transportation Cabinet denied the permit application.

Earl Hodge, now deceased, leased some of his land adjacent to the right-of-way at mile-marker 42.05 of I–75 North to G.L.G. for the purpose of erecting an outdoor advertising billboard as defined by KRS 177.830(5). On December 17, 1991, G.L.G. applied for, but was denied, a permit for the billboard because it did not meet the standard for an "on premises" advertising device. G.L.G. took the position that the application was based on the sign being in a "commercially and industrially developed area" pursuant to KRS 177.860(4) and not on the location of the sign as an "on premises" device. The circuit court entered a summary judgment in favor of the Cabinet in an enforcement action brought by the Cabinet for the removal of the billboard and injunctive relief.

When G.L.G. failed to remove the billboard within 30 days as directed by the Cabinet, the Cabinet claimed that the billboard was a public nuisance in violation of KRS 177.870 and sought fines and an injunction for its removal. The Cabinet filed two motions for summary judgment, the second with an affidavit from a permit engineer, stating that the billboard was within 660 feet of the right-of-way and is visible and legible from the interstate. The circuit court denied the first motion. Thereafter, upon the death of Earl Hodge, Mary L. Taylor and Gilbert Wesley Hodge were substituted as the parties defendant, and the Cabinet again moved for summary judgment accompanied by an affidavit and memorandum in support thereof. The circuit court granted summary judgment to the Cabinet on the basis that the billboard was in violation of KRS 177.841, that it did not fit within the exception to KRS 177.860(4) because there was no proof that the location was in a commercially or industrially developed area, and that even if there were such proof, there was no evidence that the denial of the permit was inappropriate. A fine of $100 per day from the date of the construction of the sign was also imposed.

The Court of Appeals reversed the decision of the circuit court stating that there was a genuine issue of material fact as to whether the land use on September 21, 1959 was industrial or commercial. The court stated that an affirmative answer to this question on remand would require a further determination as to whether the Commissioner of Highways acted arbitrarily in concluding that the billboard was not compatible with the safety and convenience of the traveling public. This Court accepted discretionary review.

On appeal, the Cabinet argues that to overturn an agency decision, the court must determine that the factual findings were not supported by the evidence or that the Cabinet applied the wrong rule of law. Furthermore, they contend that the Cabinet applied the correct rule of law to the facts in this case. The Cabinet also claims that their interpretation of KRS 177.860 is based on the proper legislative intent and that the regulations in question are consistent with Kentucky statutes and Federal requirements. In addition, they maintain that the legislature gave the Cabinet broad discretion in billboard enforcement and that the Cabinet is required to comply with Federal guidelines.

The Cabinet asserts that its policies and programs relative to billboard advertising have been developed over time in conjunction with Federal regulation and policy. They believe that the decision of the court in this matter will have a direct effect on future billboard enforcement and will otherwise affect the relationship between the Cabinet and the Federal Highway Administration. If the Cabinet were to change its policies and the Federal government disagrees with what this Court interprets to be the proper provisions, then the Cabinet may be denied funds under

the so-called Bonus Agreement, sometimes known as the Kerr Amendment. These funds are of great concern and the Cabinet will be responsible for coming to some resolution of the potential contractual dispute with the Federal government.

In addition, they contend that Kentucky will be at risk for losing other than the Bonus Amendment money and may even be forced to refund Federal aid funds previously received. The Federal regulations indicate what federal law requires and failure to comply may render Kentucky ineligible for these desperately needed moneys.

They also assert that the decision of this Court will significantly impact the authority and discretion of the Cabinet and other state agencies generally. They claim that their authority will be undercut in its ability to continue and its billboard enforcement effort diminished if this Court upholds the Court of Appeals' interpretation and overturns the interpretation placed on the statutes by the Cabinet. Their final argument is that if a commercial zoning requirement becomes a commercial use requirement, numerous billboards will be constructed.

G.L.G. responds that the Court of Appeals should be affirmed and that the summary judgment originally rendered should be reversed and the matter remanded for trial. G.L.G. also argues that 603 KAR 3:010 § 2(15) and § 5(1) are unconstitutional and therefore unenforceable by reason of being in conflict with KRS 177.860(4). In the alternative, they claim that the portions of the subject regulations purporting to enforce an affirmative requirement of commercial or industrial zoning at or during any period of time for other Kerr Amendment areas are unconstitutional and unenforceable. Finally, they assert that 603 KAR 3:010 § 3(3) is unconstitutional to the extent that it would render advertising devices illegal merely for lack of an administrative permit even though the advertising sign complies with all requirements of the billboard act and all enforceable and relevant regulations.

G.L.G. argues that the circuit judge erred in ruling as a matter of law that KRS 177.860(4) did not apply to an area adjacent to an interstate highway, in deciding issues of material fact and in permanently enjoining the erection of the billboard.

As we have previously noted on a number of occasions, the purpose of the Kentucky Billboard Advertising Statute as stated in KRS 177.850 is among other things to "prevent unreasonable distraction of operators of motor vehicles" and to "preserve and enhance the natural scenic beauty or the aesthetic features of the aforementioned interstate highways." *Moore v. Ward,* Ky., 377 S.W.2d 881 (1964) upheld the constitutionality of the Kentucky Billboard Act of 1960. Similar expressions of the law may be found in *Diemer v. Com., Transp. Cabinet,* Ky., 786 S.W.2d 861 (1990), and *Flying J Travel Plaza v. Com., Transp. Cabinet,* Ky., 928 S.W.2d 344 (1996).

■ As correctly noted by the Court of Appeals, highway or highways as used in KRS 177.830 to 177.890 means limited access highways, interstate highways, federal-aid primary highways, or turnpikes as defined in KRS 177.830 to 177.890. We agree with the Court of Appeals that the legislature intended KRS 177.860(4) to apply to both interstate and federal-aid primary highways because the General Assembly used the general term "highways" in the introductory paragraph of KRS 177.860. *See also* KRS 177.830(2) and (3). The clear and unambiguous language of the statute is that it applies to the road in this case.

■ One of the threshold issues raised in this case is the contention by the Cabinet that the regulations in effect at the time of the permit application require not only that the land use for the area be established as industrial or commercial as of September 21, 1959, but also that the area be zoned commercial or industrial at the time of the application which was December 17, 1991. They rely on 603 KAR 3:010 § 2(15)(a). A reading of the text of 177.860(4) specifically indicates that the advertising device must only "comply with the applicable zoning ordinances and regulations." The use of the term "applicable zoning ordinances" in the statutes indicates that the intention of the legislature was that if zoning exists in a commercial or industrially developed area, then the zoning ordi-

nances must be followed. However, the language of the statute does not require the existence of zoning ordinances before an area can be deemed commercial or industrial. That portion of the regulation which states that an area must be zoned industrial or commercial at the time of an application is contradictory to the language and intent of KRS 177.860(4) as we interpret it. We must observe that the definition of commercial or industrial area was changed so as to remove any requirement that the area also be zoned commercial or industrial. *See* 603 KAR 3:080 § 1(8)(a).

 The regulation is a usurpation of legislative authority, clearly a problem that has now been remedied in the version of the regulations in effect as of August 1994. However, in this case, we must hold that the circuit court improperly applied the existing law at that time and construed the statute too narrowly in defining a commercial or industrial area.

Therefore, we must conclude that the Cabinet was not entitled to a summary judgment because there were genuine issues of material fact to be decided. As noted in *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991), summary judgments are to be used cautiously and should not be a substitute for trial. A movant must convince the court that based on the evidence in the record, there is no material fact question and a movant cannot succeed unless the right to summary judgment is shown with such clarity that there is no room left for controversy. Here, the specific genuine issue of fact is whether the land use as of September 21, 1959 was clearly established by state law as industrial or commercial.

G.L.G. claims in an affidavit attached to its memorandum in support of its motion to vacate that the billboard was located in an area that was used for commercial and industrial purposes in 1959. Earl Hodge, now deceased, had a truckstop or service station on the property. There was also an auto parts store housing a garage, wrecking yard and body shop on nearby property, as well as a barrel stave mill, restaurant, truckstop and oil distributorship. We do not believe that the circuit court properly addressed these factual allegations.

On remand, if this question is answered in the affirmative, then it must be determined whether the decision by the highway commissioner that the billboard location was not compatible with the safety and convenience of the traveling public was arbitrary. As noted by the Court of Appeals, it is possible that the Commissioner may arrive at the same conclusion, but not on the basis that the billboard is violative, per se, of the billboard act.

The decision of the Court of Appeals is affirmed. The summary judgment is reversed and this action is remanded to the circuit court.

COOPER, GRAVES, JOHNSTONE, LAMBERT and STUMBO, JJ., concur.

STEPHENS, C.J., concurs in result only.